FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 02 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
## DIVERSITY OF CITIZENSHIP

*Civil Action for Aggravated Torts of Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages; Jury Trial Demanded*

| | |
|---|---|
| TAMAH JADA CLARK *EX REL.* ANTI-SEMITISM DEFENSE LEAGUE ™, **PLAINTIFF** | |
| Vs. | CIVIL ACTION NO. |
| X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, **DEFENDANTS** | 1:23-CV-5840-AT |

**Monday, December 25, 2023**

*Behold, this have I found, saith the preacher, counting one by one, to find out the account: Which yet my soul seeketh, but I find not: one man among a thousand have I found; but a woman among all those have I not found.* Ecclesiastes 7:27-28

## NOTICE OF DISQUALIFICATION: RESERVATION OF PLAINTIFF'S RIGHTS

COMES NOW TAMAH JADA CLARK, appearing specially, *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE™, "PLAINTIFF", to enter formal objection to the assignment of AMY TOTENBERG to this tort Action on account of disqualification under Georgia Law.

I.

1

Notwithstanding Article I, [1] [2] [3] PLAINTIFF has invoked the court's limited Article III jurisdiction. [4] [5] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 45 (1996) ("Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction") [6]

## II.

The court is bound by state Law.[7] *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts sitting in diversity cases, when deciding questions of "substantive" law, are bound by state court decisions as well as state statutes. The broad command of *Erie* was therefore identical to that of the Enabling Act: federal courts are to apply state substantive law and federal procedural law.")

## III.

---

[1] "The courts of the District of Columbia are created by Congress by virtue of its authority 'to exercise exclusive legislation in all cases whatsoever over such district.' Const., Art. I, § 8, clause 17. In this respect the courts of the District are to be classed with the territorial courts." *United States v. Evans*, 213 U.S. 297, 298 (1909)

[2] "Territorial courts are not courts of the United States within the meaning of the Constitution, as appears by all the authorities... Courts of this kind, whether created by an act of Congress or a territorial statute, are not, in strictness, courts of the United States; or in other words, the jurisdiction with which they are invested is not a part of the judicial power defined by the third article of the Constitution". *McAllister v. United States*, 141 U.S. 174, 183 (1891)

[3] "This concurrent jurisdiction which the national government necessarily possesses to exercise its powers of sovereignty in all parts of the United States is distinct from that exclusive power which, by the first article of the Constitution, it is authorized to exercise over the District of Columbia, and over those places within a State which are purchased by consent of the legislature thereof, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings." *Ex Parte Siebold*, 100 U.S. 371, 395 (1879)

[4] "This limitation upon the judicial power is, without question, a reflection of concern for the sovereignty of the States, but in a particularly limited context ... Because of the problems of federalism inherent in making one sovereign [subject to] ... the other, a restriction upon the exercise of the federal judicial power has long been considered to be appropriate". *Employees v. Missouri Public Health Dept*, 411 U.S. 279, 293-94 (1973)

[5] "The judiciary act was only intended to carry the constitution into effect, and cannot amplify, or alter, its provisions." *Mossman v. Higginson*, 4 U.S. 12, 13 (1800)

[6] "If it had been intended to leave it in the discretion of the legislature to apportion the judicial power ... according to the will of that body, it would certainly have been useless to have proceeded further than to have defined the judicial power, and the tribunals in which it should be vested." *Marbury v. Madison*, 5 U.S. 137, 174 (1803)

[7] "From these consideration the Congress wisely enacted, 'That the laws of the several' States, except where the constitution, treaties, or statutes, of 'the United States shall otherwise require or provide, shall be' regarded as rules of decision in trials at common law in the 'courts of the United States, in cases where they apply.' This adoption of the State laws, extends as well to the unwritten, as to the written law; — to the law arising from established usage and judicial determinations, as well as to the law created by positive acts of the Legislature." *Brown v. Braam*, 3 U.S. 344, 352 (1797)

2

Tort action at Common Law requires application of state Law. [8] *Well Works v. Layne*, 241 U.S. 257, 260 (1916) ("A suit arises under the law that creates the cause of action.")

### IV.

Women are prohibited from the practice of Law in Georgia. *"When the statutes of this State are properly construed, a woman by reason of her sex is ineligible to become a member of the bar in this State." Ex parte Hale, 145 Ga. 350 (1916)*

   a. To the exclusion of women, admission to practice Georgia Law is reserved to any "white male citizen of good moral character, who has read law, and undergoes a satisfactory examination before a Judge of the Superior Court".[9] *See* Act of 1806, Cobb, 89; Act 1847, Cobb, 92.

### V.

Credentialing from the State Bar of Georgia is incapable of authorizing the practice of Georgia Law. That "unified self-governing bar association" created under Ga. L. 1963, p. 70, § 1 (a Resolution of the "General Assembly" which lacks Imprimatur of the State), "composed of all persons licensed to practice law in this state," is an "administrative arm" of the Supreme Court.

### VI.

Codes—state and federal, including "Acts" without Imprimatur (i.e. Acts 1916, p. 76)— are incapable of negating PLAINTIFF's entitlement to proceed at Common Law with every substantive right fully intact. [10]

---

[8] "Civil actions for slander and libel developed in early ages as a substitute for the duel and a deterrent to murder. They lie within the genuine orbit of the common law, and in the distribution of American sovereignty they fall exclusively within the jurisdiction of the states." Brant, The Bill of Rights: Its Origin and Meaning 502-503 (1965).
[9] Orig. Code 1863, § 363
[10] "The code has not changed the principles by which courts determine the rights, duties and liabilities of the parties to an action. They remain as before its adoption; therefore, in stating a cause of action it must appear from the facts alleged that there is a liability of the defendant to the plaintiff to enforce which he is entitled to invoke the aid of the court. To enforce or protect these rights, all the remedies known, either at law or in equity, still remain to a party, and may be speedily applied by the court through the single civil action of the code." Samuel Maxwell. A Treatise on the Law of Pleading, p. 8 (1892).

## VII.

AMY TOTENBERG is ineligible to practice at Law, and consequently, disqualified from being invested with or exercising any Judicial function in Georgia.[11] *See* Judiciary Act of 1799.

## VIII.

Jurisdiction cannot be given by consent,[12] and PLAINTIFF expressly refuses to waive any personal rights.[13]

*And I find more bitter than death the woman, whose heart is snares and nets, and her hands as bands: whoso pleaseth God shall escape from her; but the sinner shall be taken by her.*
Ecclesiastes 7:26

/s/

TAMAH JADA CLARK *EX REL.*
ANTI-SEMITISM DEFENSE LEAGUE, ™
**PLAINTIFF**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

X/Twitter: @The_ADL_dot_org
Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570
E-mail: CommonLaw119@gmail.com
Web: www.TheADL.org

---

[11] "The judicial power is vested in such tribunals as are created by the Constitution, and such other inferior courts as are or may be established by law, and such persons as are or may be specially invested with powers of a judicial nature." Code 1933, § 24-101

[12] Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject matter of the suit." Code 1933, § 24-112

[13] "The power to declare the rights of individuals and to measure the authority of governments ... 'is legitimate only in the last resort, and as a necessity in the determination of real, earnest and vital controversy.' Chicago Grand Trunk R. Co. v. Wellman, 143 U.S. 339, 345 [ 12 S.Ct. 400, 402, 36 L.Ed. 176] (1892). Otherwise, the power 'is not judicial . . . in the sense in which judicial power is granted by the Constitution to the courts of the United States.'" *Centre for Independence of Judges v. Mabey*, 19 B.R. 635, 640 (D. Utah 1982)

Tamah Jada Clark
1880 Braselton Hwy
Suite 118 #5018
Lawrenceville GA 30043
CIVIL ACTION NO. 1:23-CV-5840-AT



**USPS CERTIFIED MAIL**

9207 1901 4298 0492 6780 00

0008898617000011
Clerk of Court
Richard B. Russell Federal Building & United States Courthouse
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta GA 30303
USA

AF 8898617.1.1-5




CERTIFIED MAIL ™

FIRST-CLASS MAIL
U.S. POSTAGE AND
**FEES PAID**
LETTERSTREAM

U.S. Marshals Service
Atlanta, GA 30303

CLEARED DATE
JAN 02 2024

