**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAMAH JADA CLARK EX REL. ANTI-SEMITISM DEFENSE LEAGUE™, <br><br> Plaintiff <br><br> v. <br><br> X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, <br><br> Defendants. | Civil Action No. 1:23-CV-5840-JPB |

**DEFENDANT WORLD JEWISH CONGRESS'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant World Jewish Congress ("WJC") respectfully moves the Court to dismiss with prejudice Plaintiff's December 19, 2023 Complaint [Dkt. 1] on multiple grounds.

First, WJC moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff fails to plead facts sufficient to establish that WJC is subject to this Court's personal jurisdiction.

Second, WJC moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In particular, Plaintiff's Complaint does not state a claim for slander or libel in that it does not

identify any specific statement, written or oral, ever made by WJC that references Plaintiff or meets the other elements for these causes of action.

Third, WJC moves to dismiss the Complaint for failure to comply with Federal Rules of Civil Procedure 8 and 10(b) and pursuant to Rule 12(f), because the Complaint is a "shotgun pleading" that largely consists of irrelevant allegations regarding Jewish people, the State of Israel, and alleged Zionist control over United States foreign policy. These claims are unrelated to Plaintiff's causes of action, obscure the basis of Plaintiff's claims, and seek to use this Court to publicize Plaintiff's theories.

Finally, WJC moves to dismiss under Local Rule 83.1(E)(2)(H) because Plaintiff purports to be filing *ex rel.* an organization but is not represented by an attorney.

The grounds for this motion are set forth more fully in WJC's contemporaneously filed supporting memorandum of law. A proposed order is also attached for the Court's convenience. WJC further moves to dismiss based on any applicable ground raised by Defendant X Corp. or Defendant AIPAC.

Dated: January 23, 2024          Respectfully submitted,

                                 BERMAN FINK VAN HORN P.C.

                                 By:   */s/ Benjamin I. Fink*
                                 Benjamin I. Fink
                                 Georgia Bar No. 261090
                                 bfink@bfvlaw.com

Jeremy L. Kahn
Georgia Bar No. 796717
jkahn@bfvlaw.com
3475 Piedmont Road, NE
Suite 1640
Atlanta, Georgia 30305
(404) 261-7711
(404) 233-1943 (Facsimile)

KRAMER LEVIN NAFTALIS
& FRANKEL LLP

Aaron M. Frankel
(*pro hac vice* pending)
Abigail Badway
(*pro hac vice* pending)
1177 Avenue of the Americas
New York, NY 10036
Tel:  212.715.9100
Fax:  212.715.8000
afrankel@kramrelevin.com
abadway@kramerlevin.com

Ariel N. Lavinbuk
(*pro hac vice* pending)
2000 K Street NW, 4th Floor
Washington, DC  20006
Tel:  202.775.4500
Fax:  202.775.4510
alavinbuk@kramerlevin.com

*Attorneys for Defendant World
Jewish Congress*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAMAH JADA CLARK EX REL. ANTI-SEMITISM DEFENSE LEAGUE™, <br><br> Plaintiff <br><br> v. <br><br> X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, <br><br> Defendants. | Civil Action No. 1:23-CV-5840-JPB |

**MEMORANDUM IN SUPPORT OF DEFENDANT WORLD JEWISH
CONGRESS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

PRELIMINARY STATEMENT ........................................................... 1

STATEMENT OF FACTS ................................................................. 2

ARGUMENT ..................................................................................... 5

I.     THE COMPLAINT FAILS TO ESTABLISH PERSONAL
JURISDICTION OVER WJC ....................................................... 6

II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR SLANDER
OR LIBEL BECAUSE IT DOES NOT IDENTIFY ANY
STATEMENTS MADE BY WJC .................................................. 7

III.   THE COMPLAINT SHOULD BE DISMISSED AS A "SHOTGUN
PLEADING" AND FOR BEING A VEHICLE FOR PLAINTIFF TO
PROMOTE HER IRRELEVANT CONSPIRACY THEORIES ................. 11

IV.   BECAUSE THE COMPLAINT PURPORTS TO BE BROUGHT ON
BEHALF OF AN ORGANIZATION IT CANNOT BE BROUGHT
*PRO SE* ................................................................................. 13

CONCLUSION ................................................................................ 14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 1, 6

*Bailey v. S. Therapy Servs., Inc.*,
    No. 1:20-CV-02445-SDG, 2020 WL 13586153
    (N.D. Ga. Nov. 9, 2020) .................................................................................... 12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 554 (2007) ............................................................................................ 6

*Brown v. Airline Pilots Ass'n*,
    813 F. App'x 353 (11th Cir. 2020) ................................................................... 11

*Brown v. Rader*,
683 S.E.2d 16, 19 (Ga. Ct. App. 2009) ..............................................................9-10

*City of Jacksonville v. Mun. Elec. Auth. of Ga.*,
    No. 1:19-cv-3234-MHC, 2019 WL 7819486
    (N.D. Ga. Nov. 25, 2019) ................................................................................. 12

*Echols v. Lawton*,
    913 F.3d 1313 (11th Cir. 2019) ...................................................................... 8, 9

*Evans v. Better Homes and Gardens Real Est., LLC*,
    No. 1:13-cv-1192-CC-ECS, 2013 WL 12061906
    (N.D. Ga. Nov. 7, 2013) ................................................................................... 12

*Fiske v. Stockton*,
    320 S.E.2d 590 (Ga. Ct. App. 1984) ................................................................ 10

*Grace v. Lowery*,
    860 S.E.2d 159 (Ga. Ct. App. 2021) .................................................................. 9

*Hendershott v. Ostuw*,
    No. 9:20-cv-80006, 2020 WL 13111216 (S.D. Fla. Oct. 14, 2020),
    *aff'd*, No. 20-13991, 2022 WL 2904080 (11th Cir. July 22, 2022) ..................... 9

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp.*
   *& Placement*,
   326 U.S. 310 (1945) ...........................................................................7

*Jenkins v. BAC Home Loan Servicing, LP*,
   822 F. Supp. 2d 1369 (M.D. Ga. 2011) ...............................................9

*Khadija v. Fannie Mae*,
   No. 1:12-cv-02519-WSD-AJB, , 2012 WL 6681736
   (N.D. Ga. Nov. 30, 2012) ...................................................................9

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) .........................................................................12

*McDermott v. Stacks Publishing Grp.*,
   No. 1:18-cv-05767-ELR, 2019 WL 13244544
   (N.D. Ga. Apr. 12, 2019) ..................................................................13

*Sarhan v. Miami Dade Coll.*,
   800 F. App'x 769 (11th Cir. 2020) .....................................................5

*Sarver v. Jackson*,
   No. 2:08-cv-0077-RWS, 2008 WL 4911836 (N.D. Ga. Nov.13,
   2008), *aff'd*, 344 F. App'x 526 (11th Cir. 2009) ............................. 8-9

*Thomas v. Pentagon Fed. Credit Union*,
   393 F. App'x 635 (11th Cir. 2010) ...................................................5-6

*Weiland v. Palm Beach Cnty., Sheriff's Office*,
   792 F.3d 1313 (11th Cir. 2015) .......................................................11

## Other Authorities

Fed. R. Civ. Proc. 8 ............................................................1, 2, 11, 13, 14

Fed. R. Civ. Proc. 12 ..................................................... 1, 2, 6, 11, 13, 14

LR 83.1, N.D. Ga. .............................................................................1, 13, 14

O.C.G.A.§ 9-10-91(3) .............................................................................7

Defendant World Jewish Congress ("WJC") moves to dismiss the Complaint filed by Plaintiff Tamah Jada Clark on behalf of the "Anti-Semitism Defense League." WJC moves to dismiss (1) pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff fails to plead facts sufficient to establish that WJC is subject to this Court's personal jurisdiction; (2) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; (3) for failure to comply with Federal Rules of Civil Procedure 8 and 10(b) and pursuant to Rule 12(f); and (4) under Local Rule 83.1(E)(2)(H) because Plaintiff purports to be filing *ex rel.* an organization but is not represented by an attorney.

## PRELIMINARY STATEMENT

Plaintiff alleges that WJC slandered and libeled the so-called "Anti-Semitism Defense League" on X, the social media platform formerly known as Twitter. Dkt. 1 at 5 ¶ I.a. But the Complaint fails to identify any statement actually made by WJC—much less any defamatory statements about Plaintiff or the Anti-Semitism Defense League—or to whom and where such statements were allegedly made. Thus, the Complaint fails to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is, therefore, warranted.

What the Complaint lacks in specific factual allegations supporting its causes of action, it makes up for with Plaintiff's opinions, which she asserts as matters of

fact—among them that "Zionism is unconstitutional," the State of Israel is the "Synagogue of Satan," its prime minister is the "the 'Anti-Christ,'" its war against Hamas is "is the commencement of the Biblical Armageddon," and Zionist Jews "are subverting the American Republic and pose a serious threat to National security." Dkt. 1 at 12 ¶ XV.

Plaintiff's theories have no relevance to her claims for slander and libel—the only matters at issue in this action—and the Court need not allow Plaintiff to use the Court as a platform to promote these views which, again, have nothing to do with any alleged defamatory statement made by WJC.  As such, Plaintiff's allegations run afoul of both Rule 8(a)(2) and 12(f).  The former requires that a Complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief;" the latter that it not include "immaterial, impertinent, or scandalous matter."  For violating these rules too, the Complaint should be dismissed or stricken.

Beyond these substantive defects, the Complaint should be dismissed because it fails to establish this Court's personal jurisdiction over WJC and because Plaintiff purports to have filed *ex rel.* her Anti-Semitism Defense League organization, but is not represented by counsel.

## **STATEMENT OF FACTS**

The World Jewish Congress is an international federation of Jewish

communities and organizations from more than 100 countries that works to foster the unity of Jewish people to ensure their continuity and common heritage. WJC seeks to represent the plurality of the Jewish people, and is politically non-partisan.

Plaintiff Tamah Jada Clark states that she is "a Hebrew advocate for Semitic persons and interests." Dkt. 1 at 6 ¶ II. Ms. Clark notes that the Semites for whom she advocates are not Jews because Jews committed "ethnic supplantation of Israelites." *Id.* ¶ II.a. Ms. Clark published a textbook reflecting her views, which can also be found on the website of her organization, the Anti-Semitism Defense League ("The ADL"), on whose behalf this case is ostensibly brought. Although Ms. Clark may so intend, "The ADL" is not to be confused with "the Anti-Defamation League," a 110-year old organization devoted to fighting against all types of hate, including the hatred of Jews, "and to secure justice and fair treatment for all." https://www.adl.org/about/mission-and-history.

While not at all clear from the Complaint, Ms. Clark appears to allege that, on October 10, 2023, she published some sort of notice about her textbook and the ADL's website on X, and that X subsequently removed her post from its platform due to a violation of its policies. Dkt. 1 at 7 ¶ II.b. Ms. Clark alleges that she posted her notice on X a second time on October 14, 2023, after which X removed it again. *Id.* ¶ II.c.

Ms. Clark asserts that the "DEFENDANTS" (collectively) "concealed or

removed" her notices from X.  *Id*.  Ms. Clark does not provide any allegations as to any action that WJC or codefendant American-Israel Public Affairs Committee ("AIPAC"), took to effect such removals.  In particular, she does not allege or explain how WJC has any ability to cause X, a privately held company, to do anything.

The Complaint then alleges that, on or around November 3 and November 8, 2023, the "DEFENDANTS" (collectively) "falsely charged PLAINTIFF with 20 counts of "Hateful Conduct" and published the defamatory allegations on 'X' social media platform, severally, in 20 distinct instances." Dkt. 1 at 5 ¶ I.a.  The Complaint does not include any screenshots or citations to the statements that WJC allegedly made.  The Complaint does not identify any of the 20 alleged statements at issue or which WJC-affiliated representative or account made the alleged 20 statements at issue.

The Complaint appears to quote "The X Rules," which set forth X's policies on permitted posting and hateful conduct: "You may not promote violence against, threaten, or harass other people on the basis of race, ethnicity, national origin, sexual orientation, gender, gender identity, religious affiliation, age, disability, or serious disease." *Id.*  The Complaint does not explain if the excerpt from the X Rules is the alleged 20 defamatory statements at issue.  In any event, the Complaint does not explain how The X Rules comprise a statement about Plaintiff or the Anti-Semitism

Defense League and, in particular, does not allege how WJC had any involvement in preparing The X Rules or making a statement linking the X Rules to her or her organization.

Rather than provide further detail on the allegedly slanderous and libelous statement(s) purportedly at issue, the bulk of the Complaint appears to instead restate the views that are in Ms. Clark's textbook and on The ADL's website.  We will not repeat those views here other than to say that they propagate the age-old conspiracy theory that Jews control the world and can brand dissenters with a "MARK" that causes them to "suffer[] exclusion and disqualification from their professions," as well as "constant public hatred and ridicule."  Dkt. 1 at 8 ¶ V.  Ms. Clark claims that she and the ADL were so branded by WJC and asks this Court to award $12 billion in compensatory and other damages.

## <u>ARGUMENT</u>

Plaintiff's Complaint should be dismissed on multiple grounds, including a failure to establish personal jurisdiction over WJC, for failure to state a claim, for being a shotgun pleading riddled with irrelevant allegations, and because Plaintiff cannot file on behalf of an organization without being represented by an attorney.

Although a plaintiff who chooses to proceed *pro se* is entitled to a liberal construction of her complaint, *see Sarhan v. Miami Dade Coll.*, 800 F. App'x 769, 771 (11th Cir. 2020), the Court is not to "rewrite an otherwise deficient pleading in

order to sustain an action," *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 662. Plausibility requires more than the "sheer possibility that a defendant has acted unlawfully." *Id.* "[P]laintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007). Plaintiff's Complaint is entirely bereft of specific factual allegations and fails to establish any plausible cause of action against WJC.

## I.   THE COMPLAINT FAILS TO ESTABLISH PERSONAL JURISDICTION OVER WJC

Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2) because it fails to establish that this Court has personal jurisdiction over WJC. As the Complaint acknowledges, WJC is a citizen of the State of New York. Dkt. 1 at 4 ¶ II. Plaintiff does not allege any facts tying WJC to Georgia. For example, Plaintiff does not allege that WJC is registered to do business in Georgia (it is not) and does not identify any specific tortious acts committed by WJC or any regular and consistent presence in Georgia.

Georgia's long-arm statute can be a basis for personal jurisdiction only "if the

tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state."  O.C.G.A. § 9-10-91(3).  The Complaint does not allege any such facts, let alone facts relevant to the alleged causes of action.

In addition, jurisdiction over WJC would only be proper where it has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  The Complaint is devoid of any factual allegations sufficient to show this to be the case for Georgia.  For example, Plaintiff has not shown that her "claims 'arise out of or relate to' at least one of [WJC]'s contacts with" Georgia or that WJC "'purposely availed' [itself] of the privilege of conducting activities within" Georgia.  *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).  Therefore, the Complaint should be dismissed for lack of personal jurisdiction over WJC.

## II.  THE COMPLAINT FAILS TO STATE A CLAIM FOR SLANDER OR LIBEL BECAUSE IT DOES NOT IDENTIFY ANY STATEMENTS MADE BY WJC

Plaintiff's Complaint should be dismissed because it fails to state a claim for slander or libel.  Among the Complaint's many defects, it critically does not identify any allegedly false and defamatory statement made by WJC, a requisite for a claim

of defamation.

Given the shotgun nature of the Complaint, it is unclear if Plaintiff is alleging that the twenty allegedly defamatory statements are the excerpt from the X Rules referenced on page five or some other unidentified statement.  To the extent Plaintiff is relying on X's policies as the basis for her claim, she does not allege how WJC had any involvement in drafting those policies or applying them to Plaintiff or how those policies are false and defamatory.

Another way of potentially interpreting the Complaint is that Plaintiff believes that she is the true representative of "Semitic" people and that WJC is somehow defaming her by advocating on behalf of Jewish people and opposing anti-Semitism. If that is the basis of her claim, she again fails to identify any specific false and defamatory statements by WJC posted to X (or made in any other forum) about her or her organization.

These failures to identify specific defamatory statements made by WJC (or the other Defendants) dictate dismissal.  It is hornbook law that "[t]o state a claim for defamation under Georgia law, a plaintiff must allege," among other elements, "'a false and defamatory statement concerning the plaintiff.'" *Echols v. Lawton*, 913 F.3d 1313, 1321 (11th Cir. 2019) (quoting *Mathis v. Cannon*, 573 S.E.2d 376, 380 (2002)).   "[G]eneral allegations, without identifying *specific* statements, are insufficient to state a claim for slander, libel or defamation." *Sarver v. Jackson,* No.

2:08-cv-0077-RWS, 2008 WL 4911836, at *4 (N.D. Ga. Nov.13, 2008), *aff'd*, 344 F. App'x. 526, 529 (11th Cir. 2009) (emphasis added); *see generally Grace v. Lowery*, 860 S.E.2d 159, 162 (Ga. Ct. App. 2021) (plaintiff asserting defamation must identify specific statements supporting that claim); *Khadija v. Fannie Mae*, No. 1:12-cv-02519-WSD-AJB, 2012 WL 6681736, at *10 (N.D. Ga. Nov. 30, 2012) ("To the extent that Plaintiffs allege that Defendants reported false and inaccurate information, this claim must fail because Plaintiffs have not alleged the specific statements Defendants made or when they made them."); *Hendershott v. Ostuw*, No. 9:20-cv-80006, 2020 WL 13111216, at *4 (S.D. Fla. Oct. 14, 2020) ("Under Florida and Georgia law, a plaintiff cannot sustain a claim of defamation without identifying specific allegedly false and defamatory statements."), *aff'd*, No. 20-13991, 2022 WL 2904080 (11th Cir. July 22, 2022).

What is more, the Complaint fails to state a claim because it does not allege that any specific statements at issue were published to "to a third party" by WJC or how or when WJC published those statements. *Echols*, 913 F.3d at 1321 (quoting *Mathis*, 573 S.E.2d at 380). "Publication is vital to show defamation, libel, or slander. Without any evidence of publication, [a complaint] must be dismissed for failure to state an actionable claim." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1379 (M.D. Ga. 2011) ("Publication occurs when the statement is 'communicated to anyone other than the person slandered.'") (quoting *Brown v.*

*Rader*, 683 S.E.2d 16, 19 (Ga. Ct. App. 2009)).  If Plaintiff is alleging that her reputation has been harmed merely by X determining that her posts violate its policies or by WJC making general statements about Jewish people, Israel, or anti-Semitism, there are no factual allegations linking WJC to any publication of X's policies or identifying any specific statement from WJC relating to Plaintiff.

The Complaint further fails to state a claim because it does not explain how X's conduct policy or WJC's general operations comprise a false and defamatory statement about the Anti-Semitism Defense League or Plaintiff.  The portion of X's policy that she excerpts does not refer to Ms. Clark or her organization and simply provides X's terms of use.  *See Fiske v. Stockton*, 320 S.E.2d 590, 592–93 (Ga. Ct. App. 1984) ("If the words used really contain no reflection on any particular individual, no averment or innuendo can make them defamatory.").  There are no factual allegations establishing a plausible basis to conclude that the X Rules or anything said by WJC were published in a way to comprise a false statement about Plaintiff.

For these reasons, the Complaint can and should be dismissed for failure to state a claim.  Given that there are no pertinent allegations relating to WJC and no conduct at issue other than a claim that X, which has no relationship with WJC, decided to remove Plaintiff's posts for violating its published policies, amendment would be futile and dismissal should be with prejudice.

### III.   THE COMPLAINT SHOULD BE DISMISSED AS A "SHOTGUN PLEADING" AND FOR BEING A VEHICLE FOR PLAINTIFF TO PROMOTE HER IRRELEVANT CONSPIRACY THEORIES

The Complaint should be dismissed in its entirety as a "shotgun pleading" because it does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, 813 F. App'x 353, 355 (11th Cir. 2020). The Complaint does not identify any specific defamatory statements, conflates slander and libel, and comingles the Defendants, without identifying specific actions taken by any of them.  As a shotgun pleading, the Complaint "patently violate[s]" the federal pleading standard for all of the reasons discussed in Section II above, by failing "to give [WJC] adequate notice of the claims against [it] and the ground upon which each claim rests."  *Weiland v. Palm Beach Cnty., Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Shotgun pleadings include those, like the Complaint, that do "not separate[e] into a different count each cause of action or claim for relief," and that "assert[]multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions."  *Id.*

In addition, the bulk of the Complaint consists of material that is "redundant, immaterial, impertinent, or scandalous," thereby permitting this Court to strike it pursuant to Rule 12(f).  Specifically, the Complaint recites a litany of irrelevant anti-Jewish conspiracy theories, claiming that Israel is not the "ancestral homeland of the Jews," "Zionism is unconstitutional," Israel is the "Synagogue of Satan" and its

Prime Minister is the "Anti-Christ" who is bringing Armageddon, and so on. Dkt. 1 at 12–14. While risible, these claims are unrelated to Plaintiff's causes of action and serve no purpose other than to use this Court as a soapbox to present Plaintiff's theories. Plaintiff seems to ask this Court to pass judgment on claims well beyond the competency of any finder of fact. Although this is not what the Supreme Court had in mind when it observed that "[f]ederal courts are courts of limited jurisdiction"—the observation is no less true here. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Striking a complaint, or significant portions of it, is appropriate when the material in it "has no possible relationship to the controversy [or] may confuse the issue[s]," *City of Jacksonville v. Mun. Elec. Auth. of Ga.*, No. 1:19-cv-3234-MHC, 2019 WL 7819486, at *4 (N.D. Ga. Nov. 25, 2019) (quoting *Allen v. Life Ins. Co. of N. Am.*, 267 F.R.D. 407, 410 (N.D. Ga. 2009)), or when the material is "wholly distinct and unrelated" from the matter at hand, *Bailey v. S. Therapy Servs., Inc.*, No. 1:20-CV-02445-SDG, 2020 WL 13586153, at *1 (N.D. Ga. Nov. 9, 2020).

Plaintiff's Complaint is an exemplar of such an irrelevant pleading that is entirely unrelated to her causes of action and should be dismissed. *Evans v. Better Homes & Gardens Real Est., LLC*, No. 1:13-cv-1192-CC-ECS, 2013 WL 12061906, at *3 (N.D. Ga. Nov. 7, 2013) (striking a complaint for a failure to contain factual allegations, distinguish allegations between defendants, and make general assertions

related to the cause of action).  Thus, dismissal is warranted under both Rule 8 and Rule 12(f).

## IV.   BECAUSE THE COMPLAINT PURPORTS TO BE BROUGHT ON BEHALF OF AN ORGANIZATION IT CANNOT BE BROUGHT *PRO SE*

Ms. Clark alleges to have filed this action *ex rel.* on behalf of "the Anti-Semitism Defense League," an "unincorporated common-law 'entity.'"  Dkt. 1 ¶ 4I.  According to the Civil Local Rules for this Court, corporate entities must be represented by an attorney.   N.D. Ga. L.R. 83.1(E)(2)(h).  Unincorporated organizations, such as LLCs and partnerships, are also subject to this rule.  *McDermott v. Stacks Publ'g Grp.*, No. 1:18-cv-05767-ELR, 2019 WL 13244544, at *1 (N.D. Ga. Apr. 12, 2019) (Defendant "as a limited liability company, is an artificial, unincorporated entity.  As such, Defendant cannot appear in federal court *pro se.*"); N.D. Ga. L.R. 83.1(E)(2)(H) ("Failure to comply with this rule can result in dismissal of an organization's complaint or default judgment being entered against the organization.").

While Ms. Clark filled in the attorney box with her information on the Civil Cover Sheet for this action and signed as the "Attorney of Record" (Dkt. 1-1), she does not appear to be an attorney according to publicly available records, including the State Bar of Georgia registry.

The exact legal status of the Anti-Semitism Defense League as a "common-

law 'entity'" is unclear.   However, crediting Plaintiff's allegations that she is

proceeding "*ex rel*." on behalf of a real organization that has sustained $12 billion

in damages, she cannot proceed without an attorney.  This is an independent basis to

dismiss the Complaint.  And to the extent the Court dismisses the case without

prejudice (although dismissal with prejudice is appropriate for the reasons set forth

above), leave to replead should be conditioned on any such amended pleading being

signed by an attorney.

## CONCLUSION

The court should grant WJC's motion and dismiss the claims against it under

Rule 12(b)(2), Rule 12(b)(6), Rule 8, Rule 12(f), and Local Rule 83.1(E)(2)(H).

Dated: January 23, 2024                    Respectfully submitted,

                                           BERMAN FINK VAN HORN P.C.

                                           By:   */s/ Benjamin I. Fink*
                                           Benjamin I. Fink
                                           Georgia Bar No. 261090
                                           bfink@bfvlaw.com
                                           Jeremy L. Kahn
                                           Georgia Bar No. 796717
                                           jkahn@bfvlaw.com
                                           3475 Piedmont Road, NE
                                           Suite 1640
                                           Atlanta, Georgia 30305
                                           (404) 261-7711
                                           (404) 233-1943 (Facsimile)

                                           KRAMER LEVIN NAFTALIS
                                           & FRANKEL LLP

Aaron M. Frankel
(*pro hac vice* pending)
Abigail Badway
(*pro hac vice* pending)
1177 Avenue of the Americas
New York, NY 10036
Tel:  212.715.9100
Fax:  212.715.8000
afrankel@kramrelevin.com
abadway@kramerlevin.com

Ariel N. Lavinbuk
(*pro hac vice* pending)
2000 K Street NW, 4th Floor
Washington, DC  20006
Tel:  202.775.4500
Fax:  202.775.4510
alavinbuk@kramerlevin.com

*Attorneys for Defendant World
Jewish Congress*

## **LOCAL RULE 7.1(D) CERTIFICATE OF COMPLIANCE**

I certify that this brief has been prepared with one of the font and point selections (14 Times New Roman) approved by the court in Local Rule 5.1(B).

BERMAN FINK VAN HORN P.C.

By:    */s/ Benjamin I. Fink*
        Benjamin I. Fink
        Georgia Bar No. 261090
        bfink@bfvlaw.com
        3475 Piedmont Road, NE
        Suite 1640
        Atlanta, Georgia 30305-6400
        (404) 261-7711
        (404) 233-1943 (Facsimile)

        *Attorney for World Jewish Congress*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on January 23, 2024, I served this World Jewish Congress's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support of World Jewish Congress's Motion to Dismiss Plaintiff's Complaint by electronically filing it with the Clerk of the Court using the CM/ECF system and by sending it by first-class mail to:

> Tamah Jada Clark
> Anti-Semitism Defense League
> 1880 Braselton Hwy
> Suite 118 #5018
> Lawrenceville, GA 30043
> *Pro Se*

> BERMAN FINK VAN HORN P.C.

> By:    */s/ Benjamin I. Fink*
>        Benjamin I. Fink
>        Georgia Bar No. 261090
>        bfink@bfvlaw.com
>        3475 Piedmont Road, NE
>        Suite 1640
>        Atlanta, Georgia 30305-6400
>        (404) 261-7711
>        (404) 233-1943 (Facsimile)

> *Attorney for World Jewish Congress*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TAMAH JADA CLARK EX REL.
ANTI-SEMITISM DEFENSE
LEAGUE™,

         Plaintiff

v.

X CORP., WORLD JEWISH
CONGRESS, AMERICAN ISRAEL
PUBLIC AFFAIRS COMMITTEE,

         Defendants.

Civil Action No. 1:23-CV-5840-JPB

## [PROPOSED] ORDER GRANTING DEFENDANT WORLD JEWISH CONGRESS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Having fully considered Defendant World Jewish Congress's Motion to Dismiss Plaintiff's Complaint, Dkt. 1, and for good cause shown, the motion is hereby **GRANTED**.

It is hereby **ORDERED** that Plaintiff's Complaint is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

It is further **ORDERED** that Plaintiff's Complaint is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

It is further **ORDERED** that Plaintiff's Complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) and pursuant to Federal Rule of

Civil Procedure 12(f) as comprising redundant, immaterial, impertinent, and scandalous matter.

It is further **ORDERED** that Plaintiff's Complaint is dismissed under Local Rule 83.1(E)(2)(H) because it purports to have been filed on behalf of a common-law organization but was not signed by an attorney.

**SO ORDERED** this _____ day of _____, 2024.


_____
Honorable J. P. Boulee
United States District Judge