# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK *EX REL* ANTI-SEMITISM DEFENSE LEAGUE<br><br>    Plaintiff,<br><br>v.<br><br>X CORP. et al.,<br><br>    Defendants. | Case No. 1:23-CV-05840-JPB |

## DEFENDANT X CORP.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S "MOTION FOR DEFAULT JUDGEMENT"

Comes now Defendant X Corp., by special appearance and through its undersigned counsel, and files this Opposition to Plaintiff's "Motion for Default Judgement [sic]" (ECF No. 20), and states as follows:

## INTRODUCTION

Plaintiff's Motion for Default Judgment should be denied for three independent reasons.

*First,* Plaintiff failed to properly serve X Corp. via any of the authorized methods for serving a corporation under Federal Rule of Civil Procedure 4(h). Thus, this Court lacks personal jurisdiction over X Corp., and it may not properly enter default judgment against it.

*Second*, the Motion for Default Judgment should be denied because Plaintiff failed to follow the required procedure under Federal Rule of Civil Procedure 55 for

- 1 -

obtaining a default judgment. The Clerk has not entered default against X Corp., and X Corp. has entered a limited appearance to challenge service and respond to the Complaint. Default judgment may not be entered in these circumstances.

*Third*, the Motion for Default Judgment is procedurally improper because Plaintiff, an unincorporated association, cannot appear *pro se* in this case under local rule 83.1(E)(2)(b)(H) of this Court.

Accordingly, Plaintiff's Motion for Default Judgment should be denied.

## PROCEDURAL BACKGROUND

Plaintiff filed a "Statement of Claim" on December 19, 2023 against X Corp., as well as the World Jewish Congress ("WJC") and the American Israel Public Affairs Committee ("AIPAC"). ECF No. 1. The Court issued a Summons to X Corp. on the same day. ECF No. 2. X Corp. is incorporated in the State of Nevada.

On January 24, 2024, Plaintiff filed an "Affirmation of Service and Notice of Default." ECF No. 18. There, Plaintiff asserts that on December 23, 2023 she mailed a copy of the Summons and Complaint to the address of X Corp.'s corporate headquarters in San Francisco, California by Certified Mail. *Id.* at 5, 25-26.[1] Plaintiff also alleges she made a post the next day on X, X Corp.'s social media platform, including the handle "@X" and containing an image of the Summons. *Id.* at 21.

---

[1] For the Court's convenience, X Corp. cites to the page numbers as listed at the header at the top of Plaintiff's filing (*e.g.*, "Page 5 of 21").

On February 8, 2024, Plaintiff filed the instant Motion for Default Judgment.

## ARGUMENT AND CITATION OF AUTHORITY

**I.   Plaintiff's Motion for Default Judgment Should Be Denied Because Plaintiff Failed to Properly Serve X Corp.**

Federal Rule of Civil Procedure 4(h) provides, in relevant part:

[A] domestic . . . corporation . . . must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual [*i.e.*, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made]; or

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served. *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).

Plaintiff has not and cannot show she properly served X Corp. Plaintiff asserts she attempted service by mailing the Summons and Complaint to X Corp.'s corporate headquarters in California by Certified Mail, and that she made a post on X including the X handle "@X" and including an image of the Summons. ECF No. 18 at 5, 25-26. These attempts at service do not and cannot demonstrate that

"deliver[ed] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" under Rule 4(h)(1)(B), and therefore do not constitute service under that rule. *See Escudero v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-CV-20-WCO, 2014 WL 12544771, at *2 (N.D. Ga. Apr. 3, 2014) ("service by mail is insufficient under 4(h)(1)(B)").

Plaintiff also cannot demonstrate that she complied with Rule 4(h)(1)(A) by serving X Corp. "in the manner prescribed by Rule 4(e)(1)," *i.e.*, in a manner that complied with the "state law for serving a summons" in Georgia, "where the district court is located," or California, "where service is made." Fed. R. Civ. P. 4(e)(1).

Under Georgia law, Plaintiff was required to personally serve the summons and Complaint on certain authorized representatives of X Corp. Ga. Code Ann. § 9-11-4(e); *see, e.g.*, *Mallory v. DHI Mortg. Co.*, No. 1:18-CV-4579-WMR, 2018 WL 9917672, at *6 (N.D. Ga. Nov. 29, 2018) ("requires personal service upon the appropriate corporate official or authorized agent"). And although corporations foreign to Georgia like X Corp. may be served by mail if the corporation fails to maintain a registered agent in Georgia, Ga. Code Ann. § 14-2-504(b), X Corp. does maintain one. *See* https://ecorp.sos.ga.gov/BusinessSearch/BusinessInformation?businessId=3930274&businessType=Foreign%20Profit%20Corporation&fromSearch=True

(designating as X Corp.'s registered agent CT Corporation System, at a physical address in Lawrenceville, Georgia). Thus, Plaintiff's mailing of the Summons and Complaint to X Corp.'s corporate address did not comply with the service requirements under Georgia law.[2]

Plaintiff also failed to serve X Corp. in a manner that complies with California law. Under relevant parts of California Code of Civil Procedure section 416.10, Plaintiff could have properly served X Corp. "by delivering a copy of the summons and complaint" to either X Corp.'s registered "agent for service of process" or X Corp.'s "president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." *Id.* at § 416.10(a)-(b). As noted, Plaintiff did not deliver a copy of the Summons and Complaint to X Corp.'s registered agent, nor to any of the listed company officers or to anyone authorized by X Corp. to

---

[2] Even if X Corp. did not maintain a registered agent in Georgia (and it does), Plaintiff's attempt at service would still fail to comply with Georgia law. To constitute valid service, Plaintiff was required to address the Summons and Complaint packet to X Corp.'s chief executive officer, chief financial officer, or secretary of the corporation at its principal office, and also serve a copy of the process on the Secretary of State. O.C.G.A. § 14-2-1510(b). Plaintiff addressed her packet to X Corp.'s corporate address in California and did not address it to any of the listed officers of X Corp. *See* ECF No. 18 at 5, 25-26. Plaintiff therefore did not meet these requirements, either.

receive service or process. *See* ECF No. 18 at 5, 25-26 (alleging Plaintiff served X Corp. via "USPS Certified Mail" and by publicly posting the Summons on X).

Plaintiff's attempt at service also fails because Plaintiff did not file a notice and acknowledgement signed by X Corp. that mail service was effectuated and authorized by California Code of Civil Procedure section 415.30. *See* ECF No. 18 (providing no allegations or evidence that Plaintiff provided the required notice and acknowledgment to X Corp.; *see Austin v. Lyft, Inc.*, 21-CV-09345-JCS, 2021 WL 6617452, at *1 (N.D. Cal. Dec. 13, 2021) (stating that service by certified mail is improper under Rule 4(h)(1)(A) and that service by mail under California law "is valid only if the complaint and summons are served with the required notice of acknowledgement and an envelope addressed to the sender with prepaid postage *and* the recipient has signed and returned the acknowledgement of receipt." (emphasis in original)). Therefore, Plaintiff's mailing of the Summons and Complaint to X Corp.'s corporate address did not comply with the requirements to serve X Corp. under California law.[3]

Because Plaintiff failed to properly serve X Corp. with the Complaint and Summons, this Court has no personal jurisdiction over X Corp., and Plaintiff may

---

[3] Nor did Plaintiff effect service by publication on X. Service by publication can only be made "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified . . . ." Cal. Civ. Proc. Code § 415.50(a).

not obtain a default judgment against X Corp. *See* Fed. R. Civ. P. 4(k); *see also Printed Media Servs. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) (holding that a federal court lacks jurisdiction over a defendant who was improperly served). Therefore, the Plaintiff's Motion for Default Judgment should be denied.

## II. Plaintiff's Motion for Default Judgment Should Be Denied Because Plaintiff Did Not Follow the Proper Procedure to Obtain Default Judgment

Federal Rule of Civil Procedure 55(a) permits defaults to be entered only "where a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." To obtain a default judgment (Fed. R. Civ. P. 55(b)), Plaintiff must go through a two-step procedure. *Fernandes v. OJ Installations, LLC*, 1:19-CV-4152-AT, 2022 WL 3571098, at *1 (N.D. Ga. June 29, 2022). *First*, under Rule 55(a), the "party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *Am. Auto. Ass'n, Inc. v. AAA Auto Sales, LLC*, No. 1:16-CV-01159, 2016 WL 10957245, at *1 (N.D. Ga. Oct. 20, 2016). *Second*, under Rule 55(b), "once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party. *Id*. Generally, these "steps may not be combined into one," *Id*. The "clerk's entry of default must precede an application for default judgment," *Fernandes*, at *1 (internal quotation marks omitted).

Plaintiff's Motion for Default Judgment should be denied because Plaintiff did not even attempt to follow this two-step procedure. Before filing her Motion for Default Judgment, Plaintiff did not first file a motion for entry of default, and the Clerk has not entered default. Plaintiff's Motion for Default Judgment therefore is premature. *See AAA Auto Sales*, 2016 WL 10957245, at *1; *Fernandes*, at *1.

Plaintiff's Motion for Default Judgment also should be denied as moot because the Clerk has not entered a default against X Corp., and the company has entered a limited appearance to move to dismiss the Complaint. *See* Defendant X Corp.'s Motion to Dismiss Plaintiff's Complaint, filed concurrently (arguing the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because her claims are barred by section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230 and the First Amendment, and because she fails to plead facts sufficient to state a cause of action; and pursuant to Federal Rule of Civil Procedure 12(b)(5) for her failure to properly serve the Summons and Complaint on X Corp.). Because X Corp. has appeared to defend itself in this lawsuit, default judgment should not be entered. *See Wahl v. McIver*, 773 F. 2d 1169, 1174 (11th Cir. 1985) (entry of default judgment is a "drastic remedy which should only be used in extreme situations"); *United Am. Corp. v. Bitmain, Inc.*, No. 18-cv-25106, 2019 WL 10058715 (S.D. Fla. Nov. 22, 2019), *aff'd and adopted*, 2020 WL 4923666 (S.D. Fla. Jan. 15, 2020), at *2 ("the Eleventh Circuit disfavors defaults, maintaining

a strong policy of determining cases on the merits." (internal quotation marks omitted)).

Accordingly, Plaintiff's Motion for Default Judgment should be denied.

## III. Plaintiff's Motion for Default Judgment Is Improper Because Plaintiff, Who Is Appearing Pro Se, Cannot Bring an Action on Behalf of the Anti-Semitism Defense League, an Unincorporated Entity

Plaintiff Tamah Jada Clark filed this action on behalf of "the Anti-Semitism Defense League," which Plaintiff describes as "an unincorporated common law "'entity.'" Compl. at 4 of 18, ECF No. 1. Local Rule 83.1(E)(2)(b)(H) provides that "if the client is a corporation or organization, it may only be represented by an attorney, who must sign all pleadings and papers submitted to the Court," which applies to unincorporated organizations. *See McDermott v. Stacks Publ'g Grp.,* No. 1:18-cv-05767-ELR, 2019 WL 13244544, at *1 (N.D. Ga. Apr. 12, 2019) (striking answer filed by the "owner" of "an artificial, unincorporated entity" on the grounds that the entity could appear only through an attorney); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (artificial entities, such as corporations and limited partnerships, must be represented by counsel).

No attorney has appeared on behalf of Plaintiff in this case, and Plaintiff's Motion for Default Judgment, like all other filings Plaintiff has made in this case,

was not signed by an attorney representing Plaintiff.[4] Plaintiff may not proceed *pro se* in this case on behalf of the unincorporated Anti-Semitism Defense League, and accordingly the Motion for Default Judgment is procedurally improper and should be denied or stricken. *See McDermott*, 2019 WL 13244544, at *2.

## CONCLUSION

For the reasons set forth above, X Corp. respectfully requests the Court deny Plaintiff's Motion for Default Judgment.

Dated: February 20, 2024

Respectfully submitted,

SHOOK HARDY & BACON L.L.P.

/s/ *Colin K. Kelly*
_____
Colin K. Kelly
Georgia Bar No. 781072
ckelly@shb.com
Nia S. Wilson
Georgia Bar No. 914011
nwilson@shb.com
1230 Peachtree Street NE
Suite 1200
Atlanta, GA 30309-3591
(470) 867-6012 (direct CKK)
(470) 867-6024 (direct NSW)

Kenneth M. Trujillo-Jamison (*pro hac vice* pending)

---

[4] To the extent Tamah Jada Clark purports to represent the Anti-Semitism Defense League in this case, she has proffered no evidence demonstrating she is an attorney, licensed in Georgia or otherwise nor has X Corp. found any.

707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willlenken.com

*Counsel for Defendant X Corp.¸ via Special Appearance Only*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this Memorandum has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

*/s/ Colin K. Kelly*
Colin K. Kelly

*Counsel for Defendant X Corp., via Special Appearance Only*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I served a copy of the foregoing **DEFENDANT X CORP.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGEMENT** upon all parties of record in this matter using the CM/ECF System.

>  */s/ Colin K. Kelly*
> Colin K. Kelly
>
> *Counsel for Defendant X Corp., via Special Appearance Only*