# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE,<br><br>            Plaintiff,<br><br>v.<br><br>X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE<br><br>            Defendants. | Civil Action No. 1:23-cv-05840-JPB |

## DEFENDANT X CORP.'S REQUEST FOR JUDICIAL NOTICE
## IN SUPPORT OF ITS MOTION TO DISMISS

**I.   INTRODUCTION**

Under Federal Rule of Evidence 201 and the incorporation-by-reference doctrine, Defendant X Corp. respectfully requests that the Court take judicial notice of, or in the alternative, incorporate by reference, the following documents for purposes of ruling on Defendant X Corp.'s Motion to Dismiss Plaintiff's Complaint, filed concurrently:

1. **Exhibit 1** is a true and correct copy of the archived version of X Corp.'s Terms of Service (the "Terms") as they existed when Plaintiff created her X account in

August 2023, *available at* https://web.archive.org/web/20230801013559/https://twitter.com/en/tos/ (last visited February 9, 2024), and is also attached as Exhibit 1 to the Trujillo-Jamison Declaration. In her Complaint, Plaintiff refers to X Corp.'s Rules and Policies ("Rules") (ECF No. 1 ("Compl.") at 8), which together with the Terms and the Privacy Policy comprise the User Agreement. *See* Ex. 1 at 1.

2. **Exhibit 2** is a true and correct copy of X Corp.'s Terms in effect when Plaintiff was allegedly defamed in November 2023, and which remain in effect today, *available at* https://twitter.com/en/tos (last visited February 9, 2024), and is attached as Exhibit 2 to the Trujillo-Jamison Declaration. In her Complaint, Plaintiff references X's Rules (Compl. at 8), which together with the Terms and the Privacy Policy comprise the User Agreement. *See* Ex. 2 at 2.

3. **Exhibit 3** is a true and correct copy of X's Hateful Conduct Policy in effect when Plaintiff was allegedly defamed in November 2023, and which remains in effect today, *available at* https://help.twitter.com/en/rules-and-policies/hateful-conduct-policy (last visited February 9, 2024), and is attached as Exhibit 3 to the Trujillo-Jamison Declaration. In her Complaint, Plaintiff references and directly quotes from X's Hateful Conduct Policy and cites to the above-listed URL. *See* Compl. at 8.

4. **Exhibit 4** is a true and correct copy of the webpage for Plaintiff's Twitter account profile for the handle @The_ADL_dot_org, *available at* https://twitter.com/theadl_dot_org (last visited February 13, 2024), and is attached as Exhibit 5 to the Trujillo-Jamison Declaration. In her Complaint, Plaintiff alleges she created a X account and used X, and that her X handle is "@The_ADL_dot_org." *See* Compl. 7 (Plaintiff "published to 'X' social media platform"), 18 (signature block). A true and correct copy of Plaintiff's X account webpage shows that the account was created in August 2023. *See* Ex. 5 ("Joined August 2023").

5. **Exhibit 5** is a true and correct copy of the archived version of the sign-up page for new X account holders as it existed when Plaintiff created her X account in August of 2023, *available at* https://web.archive.org/web/20230801165313/https://twitter.com/i/flow/signup (last visited February 13, 2024), and is attached as Exhibit 4 to the Trujillo-Jamison Declaration. In her Complaint, Plaintiff alleges she used Twitter and that her Twitter handle is "@The_ADL_dot_org." *See* Compl. 7 (Plaintiff "published to 'X' social media platform"), 18 (signature block). A true and correct copy of Plaintiff's X account webpage shows that she created the account in August 2023. *See* Ex. 4 ("Joined August 2023").

## II.     LEGAL STANDARDS

### A.     Judicial Notice

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts not subject to reasonable dispute are ones that (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questions." *Id.*; *see Kojha v. Orexigen Therapeutics, Inc.*, 899 F.3d 999, 1001 (9th Cir. 2018). When ruling on a motion to dismiss, a court may consider material that is appropriate for judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Kohjha*, 899 F.3d at 998; *In re Floor & Decor Holdings, Inc. Sec. Litig.*, No. 1:19-CV-2270-SCJ, 2020 WL 13543880, at *2 (N.D. Ga. Sept. 21, 2020) ("*Floor & Décor*") (taking judicial notice of exhibits and considering those exhibits in ruling on motion to dismiss).

### B.     Incorporation By Reference

"[I]ncorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A document may be incorporated by reference, "if the document's contents are alleged in a complaint and no party questions those contents." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Hines v. Midland Mortg. Co.*, No. 1:22-CV-5056-MHC-JSA, 2023 WL 2933343, at *3 (N.D. Ga. Feb. 22, 2023) (taking judicial notice

of the security deed at issue because its authenticity is "undisputed by Plaintiff and is central to her claims"); *Williamson v. Bank of Am., N.A.*, No. 1:14-CV-02824-AT-JFK, 2015 WL 11517083, at *4 (N.D. Ga. June 8, 2015), *report and recommendation adopted as modified*, 2015 WL 11605553 (N.D. Ga. July 13, 2015) ("The foreclosure notice is central to Plaintiff's claims, and Plaintiff does not dispute the authenticity of the notice"); *see also In re Apple Inc. Device Performance Litig.*, 386 F.Supp.3d 1155, 1165 (N.D. Cal. 2019) ("[A] document may be incorporated even if is never referenced directly in the Complaint if the claim necessarily depended on the document."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation-by-reference doctrine applies "equal force" to Internet pages).

## III.   LEGAL ARGUMENT

### A.   The Exhibits Meet the Requirements of Fed. R. Evid. 201(b)

Exhibits 1 through 5, which are copies of publicly available webpages[1], are properly subject to judicial notice because their contents are not subject to reasonable dispute. *See, e.g.*, *S. Ass'n of Colleges & Sch. Comm'n on Colleges, Inc. v. Bennett Coll.*, No. 1:21-CV-03060-VMC, 2022 WL 5241217, at *1 (N.D. Ga. Sept. 23, 2022), *aff'd*, No. 22-13289, 2023 WL 2231773 (11th Cir. Feb. 27, 2023) (taking judicial notice of facts on a webpage); *Juniper Networks, Inc. v Shipley*, 394 F.

---

[1] Exhibits 1 and 4 are true and correct archived copies of publicly available webpages.

App'x 713, 2010 WL 3591783, at *1 (Fed. Cir. Sept. 10, 2010) ("it is not uncommon for courts to take judicial notice of factual information found on Internet websites"); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1255 (10th Cir. 2007) (same principle); *Altes v. Bulletproof 60, Inc.*, No. 2:19-cv-04409-ODW(SKx), 2020 WL 902520, at *2 (C.D. Cal. Feb. 25, 2020) (taking judicial notice of, among other documents, a screen capture of a website).

Courts also routinely take judicial notice of social media platforms' terms of services and policies, like Exhibits 1 through 4. *See Capua v. Air Europa Lineas Aereas S.A. Inc.*, No. 20-CV-61438-RAR, 2021 WL 965500, at *2 (S.D. Fla. Mar. 15, 2021) (taking judicial notice of an archived copy of Expedia's terms of use obtained from Internet Archive's Wayback Machine); *Al-Ahmed v. Twitter, Inc.*, 603 F. Supp. 3d 857, 869 (N.D. Cal. 2022) (taking judicial notice of Twitter's terms of service); *Yuksel v. Twitter, Inc.*, 2022 WL 16748612, at *3 (same); *Trudeau v. Google LLC*, 349 F. Supp. 3d 869, 876 (N.D. Cal. 2018) (taking judicial notice of Google's Terms of Service); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016) (same); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *7 (N.D. Cal. Sept. 26, 2013) (same); *Matera v. Google Inc.*, NO. 15-CV-04062-LHK, 2016 WL 8200619, at *5 (N.D. Cal. Aug. 12, 2016) (Google's privacy policy was the "proper subject of judicial notice").

That Exhibits 1 and 4 are "archived webpages obtained from the Internet

Archive's Wayback Machine does not change this analysis." *Yuksel*, 2022 WL 16748612, at *3 (taking judicial notice of archived webpages using the Wayback Machine); *Tobinick v. Novella*, No. 9:14-CV-80781, 2015 WL 1526196, at *2 (S.D. Fla. Apr. 2, 2015) (taking judicial notice of Internet Archive's history of the webpage); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) ("This Court follows the lead of the overwhelming number of courts that have decided the issue and takes judicial notice of the contents of WayBack Machine evidence."); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-13229, 2014 WL 2863871, at *4 (E.D. Mich. June 24, 2014) ("[T]he Internet Archive has been found to be an acceptable source for the taking of judicial notice.").

It is therefore appropriate to take judicial notice of Exhibits 1 though 5. Fed. R. Evid. 201(b).

    **B.    The Exhibits Meet the Requirements for Incorporation-By-Reference**

In the alternative, the Court can and should incorporate Exhibits 1 through 5 under the incorporation-by-reference doctrine.

As explained in X Corp.'s Motion to Dismiss Plaintiff's Complaint, filed concurrently, Plaintiff's Complaint alleges she used X with the handle "@TheADL_dot_org." *See* Compl. 7 ("published to 'X' social media platform"), 18 (signature block). In her Complaint, Plaintiff references and quotes X's Rules, and the Hateful Conduct Policy contained therein. *See* Compl. at 8 (quoting and citing

https://help.twitter.com/ed/rules-and-policies/hateful-conduct-policy). As noted, the Rules, together with the Terms and the Privacy Policy, comprise the User Agreement. *See* Ex. 1 at 1; Ex. 2 at 2. By referencing and quoting the Rules, which are part of the User Agreement, the Terms are also appropriate for incorporation by reference.

Exhibit 5, which is a true and correct copy of Plaintiff's X account webpage showing that she created her X account in August 2023, also should be incorporated by reference because it is central to Plaintiff's claim and its authenticity cannot reasonably be disputed. Plaintiff cannot dispute the authenticity of Exhibit 5 because she references her Twitter handle in her Complaint (Compl. at 18) and also attached a copy of her Twitter webpage as Exhibit E to her Affirmation of Service and Notice of Default (ECF No. 18). That Exhibit also reflects that Plaintiff's Twitter handle is "@TheADL_dot_org.com" and reflects that she created her account in August 2023. *Id.*, Ex. E (@TheADL_dot_org "Joined August 2023").

In short, Exhibits 1-5 are referenced within Plaintiff's Complaint, central to her defamation claim against X Corp., whose authenticity is undisputed. This Court should therefore incorporate Exhibits 1-5 by reference. *See Hines*, 2023 WL 2933343, at *3 (taking judicial notice of the security deed at issue because its authenticity is "undisputed by Plaintiff and is central to her claims"); *Williamson*, 2015 WL 11517083, at *4 ("The foreclosure notice is central to Plaintiff's claims,

and Plaintiff does not dispute the authenticity of the notice").

## IV. CONCLUSION

For these reasons, X Corp. respectfully requests this Court take judicial notice of, or in the alternative incorporate by reference, Exhibits 1-5 and consider them in deciding X Corp.'s Motion to Dismiss Plaintiff's Complaint.

Dated: February 20, 2024

> */s/ Colin K. Kelly*
> Colin K. Kelly
>
> *Counsel for Defendant X Corp., via Special Appearance Only*

.

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this Request has been prepared with one of the font and point selections approved by the Court in LR 5.1(B).

*/s/ Colin K. Kelly*
Colin K. Kelly

*Counsel for Defendant X Corp., via Special Appearance Only*

## CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2024, I served a copy of the foregoing **DEFENDANT X CORP.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS** upon all parties of record in this matter using the CM/ECF System.

/s/ Colin K. Kelly
Colin K. Kelly

*Counsel for Defendant X Corp., via Special Appearance Only*