FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB 27 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
DIVERSITY OF CITIZENSHIP (WITHOUT THE "UNITED STATES") [1]

*Civil Action for Aggravated Torts of Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages; Jury Trial Demanded*

| | |
|---|---|
| TAMAH JADA CLARK *EX REL.* ANTI-SEMITISM DEFENSE LEAGUE ™, **PLAINTIFF** | |
| Vs. | CIVIL ACTION NO. 1:23-CV-05840-JPB |
| X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, **DEFENDANTS** | |

**Thursday, February 22, 2024**

**PLAINTIFF'S RESPONSE TO MOTION BY X CORP. (DOCKET NO. 25), AND MOTION FOR DEFAULT JUDGEMENT AGAINST ALL DEFENDANTS**

(THAT CHALLENGES CONSTITUTIONALITY OF "FEDERAL LAW")

COMES NOW TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE™, "PLAINTIFF", to respond to DEFENDANT X CORP.'s Motion, and to Motion for Default Judgement against DEFENDANTS.[2]

---

[1] The common law, without the "United States", is of full force and effect in the state of Georgia. *See* Act of February 25, 1784.

[2] Note: Code 1933 citations used herein are to reference common law principles: "When no source note is shown, the section usually has come down without change from the Code of 1863, stating a principle of the common law which was included in that Code pursuant to the authority given to the Commissioners to include therein the entire body of law of force in this State, from whatever source derived." Code 1933, Explanatory Notes pp. XIII-XIV

1

## I.

PLAINTIFF does not allege defamation, but aggravated slander and aggravated libel under the common law of Georgia and the state Constitution notwithstanding federal law or the federal Constitution—save for accessing a Tribunal at Law in diversity under Article III.

a. PLAINTIFF has stated a claim upon which relief can be granted and PLAINTIIF's Complaint is not subject to dismissal under Federal Rules of Civil Procedure 12(b)(6).

## II.

Section 230 of the Communications Decency Act of 1996, 47 U.S.C. section 230 ("Section 230) neither bars PLAINTIFF's claims nor immunizes X CORP.

a. Title 47 of the United States Code is not enacted into positive law and is inadmissible as legal evidence in this Action at Law.

b. As stated at 1 U.S.C. § 204(a): it is only "whenever titles of such Code shall have been enacted into positive law [that] the text thereof shall be legal evidence of the laws therein contained, in all the courts of the United States, the several States" etc.

c. The Communications Decency Act of 1996—and all of Title 47—is unconstitutional—in that it purports to exceed the strict limitations of the Article I, Section 8 authority of Congress to regulate interstate commerce and "legislate" over the District of Columbia and citizens of the "United States" subject to the jurisdiction thereof. *Minnesota v. Barber*, 136 U.S. 313 (1890) ("In whatever language a statute may be framed, its purpose must be determined by its natural and reasonable effect; and the presumption that it was enacted in good faith, for the purpose expressed in the title, cannot control the determination of the question whether it is, or is not, repugnant to the Constitution of the United States.")

## III.

2

The First Amendment to the federal Constitution does not enable X CORP. to commit slander and libel in Georgia in violation of her Constitution and Laws, and it does not bar PLAINTIFF's claims.

a. PLAINTIFF's state constitutional Liberties and Rights, including the right to be free from slander and libel by DEFEDANTS do not come from the First Amendment to the federal Constitution and are without the jurisdiction of the "United States" and its citizens (e.g. DEFENDANTS) to interfere with under any pretenses, whatever. *PADELFORD, FAY CO. v. MAYOR ALD. CITY SAVANNAH*, 14 Ga. 438, 463 (Ga. 1854) ("Laws of Congress are restricted to a certain sphere, and when they depart from this *sphere, they* are no longer supreme or binding. In the same manner, the States have certain independent powers, in which their Law [and Constitutions], arc supreme")

## IV.

The First Amendment to the federal Constitution applies to and works against X CORP. and its CO-DEFENDANTS as citizens of the "United States" subject to the jurisdiction thereof under the Fourteenth Article of Amendment. *Holmes v. Jennison*, 39 U.S. 540, 587-88 (1840) ("[T]he amendments to the Constitution of the United States, did not apply to the state governments. That they were limitations upon the power granted in the instrument itself; and not upon the power of distinct governments, framed by different persons, and for different purposes. To which I will add, what is matter of history, that so far from the states which insisted upon these amendments contemplating any restraint or limitation by them on their own powers; the very cause which gave rise to them, was a strong jealousy on their part of the power which they had granted in the Constitution. They, therefore, with anxious solicitude endeavoured, by these amendments, to guard against any misconstruction of the granted powers, which might, by possibility, be the result of the generality of the terms in which they were expressed." )

## V.

X CORP. and its CO-DEFENDANTS publishing slanderous and libelous falsehoods exceeds the limits of protection afforded under the Federal Bill of Rights. *Chaplinsky v. New*

*Hampshire*, 315 U.S. 568, 571-72 (1942) ("Allowing the broadest scope to the language and purpose of the Fourteenth Amendment, it is well understood that the right of free speech is not absolute at all times and under all circumstances. There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or "fighting" words — those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.")

## VI.

X CORP.'s Terms of Service do not bar PLANTIFF's claims as a matter of law and PLAINTIFF's Complaint is not subject to dismissal under Federal Rules of Civil procedure 12(b)(5).

   a. X CORP. is a foreign corporation transacting business in Georgia and all of its so-called policies, terms, bylaws, etc. must conform to the Constitution, Laws, and public policy of this State.

   b. Georgia law provides that: "No foreign corporation shall exercise within this State any corporate powers or privileges which by the Constitution or laws of Georgia are denied or prohibited to corporations created by this State, or the exercise of which is contrary to the public policy of this State, anything in the charter or corporate powers of the foreign corporation to the contrary notwithstanding."[3] *See* Acts 1893, p. 32.

   c. It would be both against moral conscience and the intents of the state and federal Legislatures for X CORP.'s Terms of Service to require Georgia citizens to relinquish state constitutional Rights or somehow acquire immunity from Georgia's laws against slander and libel.

---

[3] Code 1933, § 22-1502

4

      i. Slanderous libel is a criminal offense *(see* Cobb's 1851 Digest, p. 8) and constitutes a breach of duty by DEFENDANTS to the injury of PLAINTIFF.

d. Any provision of X CORP.'s Terms of Service that may attempt to deprive PLAINTIFF of state constitutional Rights absent Due Process at Law or to absolve itself from liability for violating Georgia's Constitution, Laws, and public policy would be void on their face; and it would be the duty of the Court to so declare. "Whenever any foreign corporation shall exercise or attempt to exercise within this State any corporate power or privilege denied or prohibited to corporations created by this State by the Constitution or laws of this State, or contrary to the public policy of this State, it shall be the duty of the courts to declare said corporate powers or privileges invalid and of no force or effect within this State, and to restrain or prohibit, by appropriate process, order, or judgment, the exercise of said corporate powers or privileges by said foreign corporation, at the instance of any party at interest, or at the instance of the Attorney General, when the latter shall be directed by the Governor to proceed to that end in the name of the State."[4] *See* Acts 1893, p. 32.

e. PLAINTIFF provided sufficient service of process to X CORP. as evidenced by the appearance of its attorneys-in-fact who submitted signed acknowledgement (Docket No. 25) that Summons and Complaint were received by X CORP.

      i. Notice of the Action and opportunity to be heard was the purpose of Service, which was adequate. *Milliken v. Meyer*, 311 U.S. 457, 463 (1940) (" Its adequacy so far as due process is concerned is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give him actual notice of the proceedings and an opportunity to be heard. If it is, the traditional notions of fair play and substantial justice… implicit in due process are satisfied. ")

---

[4] Code 1933, § 22-1503

ii. X CORP. received sufficient due process under the Fourteenth Amendment. *Simon v. Craft*, 182 U.S. 427 (1901) ("The essential elements of due process of law are notice and opportunity to defend, and in determining whether such rights are denied, the court is governed by the substance of things and not by mere form… The due process clause in the Fourteenth Amendment to the Constitution does not necessitate that the proceedings in a state court should be by a particular mode, but only that there shall be a regular course of proceedings, in which notice is given of the claim asserted, and an opportunity afforded to defend against it.")

## VII.

Georgia Law provides that X CORP. may be sued where the torts occurred against PLAINTIFF at Gwinnett county, notwithstanding any alleged terms, bylaws, etc. to the contrary. *See* Acts 1884-5, p. 99 and Acts 1893, p. 32.

## VIII.

In this Action, the Federal Rules of Civil Procedure cannot be construed in any manner that would contravene the Common Law of Georgia or prejudice state constitutional Rights of PLAINTIFF. *See* An Act To give the Supreme Court of the United States authority to make and publish rules in actions at law" (June 19, 1934, ch. 651, 48 Stat. 1064)

## IX.

X CORP.'s attorneys-in-fact (SHOOK HARDY & BACON L.L.P., COLIN K. KELLY, KENNETH M. TRUIJILLO-JAMISON) are not attorneys-at-law eligible to practice at Law in the superior Courts of Georgia and are therefore prohibited from practicing in this Action.

a. Sitting in Diversity at Law in this Action under Article III, this Court is administering the Law of Georgia in place of her superior Courts of general jurisdiction., limited to Tribunals and persons eligible to be clothed with such Power: "The judicial power is vested in such tribunals as are created by the Constitution, and such other inferior courts as are or may be established by law, and such persons as are or may be

6

specially invested with powers of a judicial nature." [5] *See* Judiciary Act of 1799; and Article VI, Sections I, Paragraph I and Article VI, Section IV, Paragraph I of the state's Constitution.

b. Parties, by consent express or implied, may not give jurisdiction to the court as to the person or subject matter of the suit." [6]

c. The title "attorney", in the context of the present Action, is reserved to any "white male citizen of good moral character, who has read law, and undergoes a satisfactory examination before a Judge of the Superior Court".[7] *See* Act of 1806, Cobb, 89; Act 1847, Cobb, 92.

d. X CORP.'s attorneys-in-fact received their legal credentialing from the State Bar of Georgia or other reciprocal/complimentary State Bar (operating in a private, non-sovereign capacity). That "unified self-governing bar association" created under Ga. L. 1963, p. 70, § 1 (a Resolution of the "General Assembly" which lacks Imprimatur of the State), "composed of all persons licensed to practice law in this state," is an "administrative arm" of the Supreme Court and is incapable of authorizing the practice of Georgia Law in its superior Courts, in the context of this Action.

## X.

Codes—state and federal, including public policies and other "Acts" without Imprimatur (i.e. Acts 1916, p. 76; Acts 1931, pp. 191, 192; and Acts 1931, pp. 194, etc.)— are incapable of negating PLAINTIFF's entitlement to proceed at Common Law with every substantive right fully intact. "The code has not changed the principles by which courts determine the rights , duties and liabilities of the parties to an action. They remain as before its adoption ; therefore , in stating a cause of action it must appear from the facts alleged that there is a liability of the defendant to the plaintiff to enforce which he is entitled to invoke the aid of the court. To enforce

---

[5] Code 1933, § 24-101.
[6] Code 1933, § 24-112.
[7] Orig. Code 1863, § 363.

7

or protect these rights, all the remedies known, either at law or in equity, still remain to a party, and may be speedily applied by the court through the single civil action of the code." Samuel Maxwell. A Treatise on the Law of Pleading, p. 8 (1892).

## XI.

The Judge erred in allowing allegations and applications (pro hac vice) by non-attorneys-at-law to ostensibly appear and plead on behalf of DEFENDANTS in this Action. *Forrester v. White*, 484 U.S. 219, 230 (1988) ("To conclude that, because a judge acts within the scope of his authority, such… decisions are brought within the court's "jurisdiction," or converted into "judicial acts," would lift form above substance.")

## XII.

When sitting in diversity at Law under Article III, a judge breaches his duty by admitting unqualified persons to practice law in Georgia, and is liable to action sounding in tort for special damages to PLAINTIFF. "Judicial immunity is an immunity from suit" that "attaches only to actions undertaken in a judicial capacity" when the judge has jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 14 (1991)

## XIII.

DEFENDANTS— X CORP and its CO-DEFENDANTS, likewise, being represented by non-attorneys-at-law— have failed to appear in the present Action either in person or by attorney-at-law; all DEFENDANTS' alleged motions and all other unlawful activity—including that ostensibly authorized by the Judge— appearing on the Docket is legally invalid and of no effect. [Note: X CORP.'s attorneys-in-fact did not email PLAINTIFF its filings as ordered in Docket No. 7]

## XIV.

DEFENDANTS conspired to harm and did harm PLAINTIFF with maliciously uttered and published slanders and libels to deprive PLAINTIFF of state constitutional Rights of freedom of speech and freedom of conscience here in Georgia, in violation of her Constitution,

Laws, and public policy; as well as in violation of the federal Constitution, Laws, and public policy.

## XV.

"Conspiracies are rarely evidenced by explicit agreements, and must almost always be proven by inferences that may be fairly drawn from the behavior of the alleged conspirators… Circumstantial evidence can establish the existence of a conspiracy… when "the conspirators had a unity of purpose of a common design and understanding, or a meeting of minds in an unlawful agreement." (Internal quotations omitted) *DeLong Equip. v. Wash. Mills Abrasive Co.*, 887 F.2d 1499, 1515 (11th Cir. 1989)

## DEMAND FOR JUDGEMENT

## XVI.

"'[W]hen the allegations of a [pleading] are distinct and positive, and the [pleading] is taken as confessed, such allegations are taken as true without proofs,' and a decree will be made accordingly … "The [motion], when confessed by the default of the defendant[s], is taken to be true in all matters alleged with sufficient certainty" *Thomson v. Wooster*, 114 U.S. 104, 111 (1885)

## XVII.

On or around November 3 and November 8, 2023, DEFENDANTS did maliciously utter and publish of and concerning PLAINTIFF, certain false, scandalous and defamatory matters stated in the Complaint by reason of which PLAINTIFF has been brought into public scandal and disgrace, and greatly injured in good name, fame, trade, and profession.

## XVIII.

WHEREAS DEFENDANTS, after being duly notified and adequately Served more than 21 days ago, have failed to appear and have defaulted on their opportunity to be heard,

Internal Filing ID:
GA-USD-NDG-11.19.2023-F5

PLAINTIFF demands JUDGEMENT for the full claimed sum of TWELVE BILLION DOLLARS and costs be entered against DEFENDANTS.


/s/

TAMAH JADA CLARK *EX REL.*
ANTI-SEMITISM DEFENSE LEAGUE, ™
**PLAINTIFF**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

X/Twitter: @The_ADL_dot_org
Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570
E-mail: CommonLaw119@gmail.com
Web: www.TheADL.org

Internal Filing ID:
GA-USD-NDG-11.19.2023-F5

```
ORIGIN ID:SCFA    (417) 221-9006        SHIP DATE: 23FEB24
TAMAH JADA CLARK                        ACTWGT: 0.10 LB
                                        CAD: 254303705/WSXI3200
1880 BRASELTON HWY
SUITE 118 #5018
LAWRENCEVILLE, GA 30043                 BILL SENDER
UNITED STATES US
```

TO **CLERK OF COURT**
**RICHARD B. RUSSELL FEDERAL BUILDING**
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA GA 30303**
(417) 221-9006        REF: 1
INV: 9186573
PO:                   DEPT:



**TUE - 27 FEB 5:00P**
** 2DAY **

TRK# 2713 1295 0180
0201

DSR
30303
**SG QFEA**        GA-US  ATL



9186573
00001

