IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
**DIVERSITY OF CITIZENSHIP (WITHOUT THE "UNITED STATES")** [1] [2]

*Civil Action for Aggravated Torts of Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages; Jury Trial Demanded*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

6 CP
MAR 0 6 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| TAMAH JADA CLARK *EX REL.* ANTI-SEMITISM DEFENSE LEAGUE ™, **PLAINTIFF** | |
| Vs. | CIVIL ACTION NO. |
| X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, **DEFENDANTS** | 1:23-CV-05840-JPB |

**Saturday, March 2, 2024**

## APPENDAGE IN AMENDMENT OF PLAINTIFF'S MOTIONS FOR DEFAULT JUDGEMENT (DOCKET NOS. 20 & 28) TO PROVIDE CLARITY, AND MOTION FOR PROOF OF AUTHORITY

(IN RESPONSE TO DEFENDANTS WJC AND AIPAC RESPONSES IN OPPOSITION (DOCKET NOS. 29-31))

COMES NOW TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE™, "PLAINTIFF", to provide clarity to PLAINTIFF's two Motions for Default Judgement (Docket Nos. 29-31) to facilitate understanding of legal concepts and arguments presented therein for attorneys-in-fact of DEFENDANTS WORLD JEWISH CONGRESS

---

[1] The common law, without the "United States", is of full force and effect in the state of Georgia. *See* Act of February 25, 1784.

[2] Note: Code 1933 citations used herein are to reference common law principles: "When no source note is shown, the section usually has come down without change from the Code of 1863, stating a principle of the common law which was included in that Code pursuant to the authority given to the Commissioners to include therein the entire body of law of force in this State, from whatever source derived." Code 1933, Explanatory Notes pp. XIII-XIV

1

9227358.1.3-6

("WJC") and AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE ("AIPAC"); and to reiterate that every DEFENDANT has failed to appear which entitles PLAINTIFF to JUDGEMENT for the full claimed sum of TWELVE BILLION DOLLARS and costs against DEFENDANTS.

**I.**

The DEFENDANTS' purported Motions in question (Docket Nos. 29-31) appear to contain essentially the same language and attempt to make the same false and meritless argument: PLAINTIFF's Motions for Default Judgement (Docket Nos. 20 & 28) should be denied due to alleged minor technicalities and failure to respond to DEFENDANTS' initial purported Motions (Docket Nos. 16 & 17).

**II.**

PLAINTIFF responded to DEFENDANT X CORP.'s purported Motion (Docket No. 25) via a second Motion for Default Judgement (Docket No. 28) because:

a. X CORP. had not appeared, even ostensibly, at the time the first Motion for Default Judgement (Docket No. 20) was filed; nevertheless,

b. X CORP. proceeded to ostensibly appear and present a different and seemingly valid argument— due to its common misusage and misunderstanding— that social media platforms are immune from liability under Section 230 of the Communications Decency Act of 1996, 47 U.S.C. section 230 ("Section 230").

c. Since X CORP. was permitted to file into the Action after PLAINTIFF's first Motion (Docket No. 20), it is logical for PLAINTIFF to respond to X CORP. for the purposes of reiterating its default and refuting the false and meritless arguments of its untimely purported Motion (Docket No. 25). [Note: X CORP.'s attorneys-in-fact have neither emailed PLAINTIFF any of its filings as ordered in Docket No. 7, nor has PLAINTIFF received any filings from said individuals via

Internal Filing ID:
GA-USD-NDG-11.19.2023-F6

regular mail to date which is 11 days from the date filed with the Court (02/20/2024), in violation of PLANTIFF's right to Due Process.]

### III.

PLAINTIFF did not previously directly respond to DEFENDANTS' (WJC and AIPAC) purported Motions (Docket Nos. 16 & 17) because:

a. DEFENDANTS' purported Motions were untimely—having been filed more than 21 days after Service; and

b. PLAINTIFF's first Motion (Docket No. 20), dated and submitted prior to DEFENDANTS' (Docket Nos. 16 & 17), already nullified *ipso facto* those purported Motions by incorporating PLAINTIFF's Notices (Docket Nos. 5 & 18) concerning the Law of the forum; viz., DEFENDANTS' (WJC & AIPAC) attorneys-in-fact do not have proper credentials to enter this Forum and ostensibly represent other "persons" (e.g. WJC & AIPAC).

### IV.

Title 15, Chapter 19, Article 3 of the Official Code of Georgia Annotated (O.C.G.A.) defines the "practice of law" (§ 15-19-50) so-called, forbids "practice" (§ 15-19-51) unless in compliance with that Article, and allegation is made that these purported "attorneys "have the exclusive right to practice law and represent members of the public in connection with their legal affairs" in Georgia courts (§ 15-19-30). However:

a. Article 3 concerning "Regulation of Practice of Law" is founded upon Ga. L. 1931, p. 191 which, at Section 1, says "it shall be unlawful for any corporation, voluntary association, or person other than a duly licensed attorney- at-law to practice or appear".

3

b. The House Journal from Wednesday, June 26, 1929 (p. 446, Section 1) explains: "It shall be unlawful for any corporation or voluntary association to practice or appear as an attorney-at-law for any person other than itself"; and p.448, Section 3 explains: "Any attorney at law who solicits legal employment as defined in Section 2 of this Act, by any means, either directly, or indirectly through another, shall be deemed guilty of corrupt and deceitful practice".

c. Ga. L. 1931, p. 191 is intended to regulate "corporations and voluntary associations", or attorneys-at-law that engage in "corrupt and deceitful practice" by violating its provisions. The wording itself informs that there is antecedent means of becoming an "attorney-at-law" not treated in Article 3.

## V.

Every ostensible "attorney of record" for every DEFENDANT in this Action is licensed under O.C.G.A. Title 15, Chapter 19 Article 3 by way of Article 2 or in accordance therewith "pro hac vice" so-called; and therefore, their "licenses" are incompatible with the Forum.

a. O.C.G.A. § 1-3-1(a) says "In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly".

## VI.

The right to appear in this Action requires credentialing agreeable with (though not pursuant to) O.C.G.A § 15-19-1 concerning "Scope of admission to practice".

a. Legislature in passing this Section was not dealing with the formulation of a definition of what then constituted the practice of law in this State or eligibility therefor. Boykin v. Hopkins, 174 Ga. 511, 162 S.E. 796, 1932 Ga. LEXIS 79 (1932).

    b. O.C.G.A. § 1-3-2 says: "As used in this Code or in any other law of this state, defined words shall have the meanings specified, unless the context in which the word or term is used clearly requires that a different meaning be used."

        i. The term "attorney-at-law" clearly requires that a different meaning be used in this Action other than that which is provided under Title 15, Chapter 19, Articles 2 and 3.

    c. The title "attorney", in the context of this Section and the present Action, is reserved to any "white male citizen of good moral character, who has read law, and undergoes a satisfactory examination before a Judge of the Superior Court".[3] *See* Act of 1806, Cobb, 89; Act 1847, Cobb, 92.

## VII.

Judicial notice is requested for all legislative facts herein contained, including: the journals of the General Assembly, the political makeup and history of this state and the federal government, and all similar matters of legislative fact.

## VIII.

Having shown reasonable grounds therefor, PLAINTIFF hereby motions the Court for every alleged "Attorney of Record" who assumes the right to appear in this Action to produce and prove the authority under which they are allegedly entitled to do so.

/s/

TAMAH JADA CLARK *EX REL.*
ANTI-SEMITISM DEFENSE LEAGUE, ™
**PLAINTIFF**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

---

[3] Orig. Code 1863, § 363.

5

X/Twitter: @The_ADL_dot_org
Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570
E-mail: CommonLaw119@gmail.com
Web: www.TheADL.org

ORIGIN ID:SCFA   (417) 221-9006
TAMAH JADA CLARK

1880 BRASELTON HWY
SUITE 118 #5018
LAWRENCEVILLE, GA 30043
UNITED STATES US

SHIP DATE: 04MAR24
ACTWGT: 0.10 LB
CAD: 254303705/WSXI3200

BILL SENDER

TO **CLERK OF COURT**
**RICHARD B. RUSSELL FEDERAL BUILDING**
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA GA 30303**
(417) 221-9006   REF: 1
INV: 9227358
PO:   DEPT:



FedEx Express

E

WED - 06 MAR 5:00P
** 2DAY **

TRK# 2716 6527 4503
0201

DSR
30303
**SG QFEA**   GA-US   ATL



9227358
00001



