# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE,<br><br>                Plaintiff,<br><br>v.<br><br>X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE<br><br>                Defendants. | Civil Action No. 1:23-cv-05840-JPB |

**DEFENDANT X CORP.'S REPLY
IN SUPPORT OF ITS
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................1

ARGUMENT AND CITATION OF AUTHORITY ...................................2

I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR
FAILURE TO STATE A CLAIM ......................................................2

    A.    Section 230 Bars Plaintiff's Claim ......................................2

    B.    The First Amendment Bars Plaintiff's Claim ......................4

    C.    Plaintiff Fails to State a Plausible Claim for Defamation ...................5

        1.    California law applies to Plaintiff's defamation claim
against X Corp. ..........................................................5

        2.    Plaintiff's defamation claim is barred by X's Terms .................6

        3.    Plaintiff fails to plausibly allege a defamation claim. ...............7

II.    FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) REQUIRES
DISMISSAL OF PLAINTIFF'S COMPLAINT BECAUSE
PLAINTIFF FAILED TO PROPERLY SERVE X CORP. ..........................10

III.    THE COURT SHOULD NOT GRANT LEAVE TO AMEND ...................12

CONCLUSION ........................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                     **Page(s)**

*Am. Express Centurion Bank,*
   199 Cal. App. 4th 383 (2011) .............................................................................11

*Barnes-Boers v. Tozier,*
   No. 213CV01555MCECMK, 2017 WL 1352007 (E.D. Cal. Apr. 7, 2017) .......11

*Chaplinsky v. New Hampshire,*
   315 U.S. 568 (1942) ........................................................................................4

*Clarke v. LNV Corp.,*
   No. 314CV00139TCBRGV, 2015 WL 11439083 (N.D. Ga. Apr. 6, 2015) .......11

*De Gazelle Grp., Inc. v. Tamaz Trading Establishment,*
   817 F.3d 747 (11th Cir. 2016) ........................................................................11

*Lewis v. Google LLC,*
   461 F. Supp. 3d 938 (N.D. Cal. 2020) ...........................................................3

*McCall v. Zotos,*
   No. 22-11725, 2023 WL 3946827 (11th Cir. June 12, 2023) .............................3

*Med. Marijuana, Inc. v. ProjectCBD.com,*
   46 Cal. App. 5th 869 (2020)...........................................................................8

*Milliken v. Meyer,*
   311 U.S. 457 (1940) ................................................................................ 11, 12

*Murphy v. Twitter, Inc.,*
   60 Cal. App. 5th 12 (2021) .............................................................................3

*Nationwide Logistics, Inc. v. Condor Transp., Inc.,*
   270 Ga. App. 277 (2004)................................................................................5

*Simon v. Craft,*
   182 U.S. 427 (1901) ................................................................................ 11, 12

*Taus v. Loftus,*
   40 Cal. 4th 683 (2007) ...................................................................................7

*Yuksel v. Twitter, Inc.,*
   No. 22-cv-05415-TSH, 2022 WL 16748612 (N.D. Cal. Nov. 7, 2022) ...............3

*Zhang v. Twitter Inc.,*
   No. 23-CV-00980-JSC, 2023 WL 5493823 (N.D. Cal. Aug. 23, 2023) ...............3

**Statutes**

47 U.S.C. § 230 ................................................................................. passim

47 U.S.C. § 230(c)(1) .............................................................................2, 3

Cal. Civ. Code § 44 ..................................................................................8

Cal. Civ. Code § 46 ..................................................................................9

Ga. Code § 51-5-1 ...................................................................................8

Ga. Code § 51-5-4 ................................................................................8, 9

**Rules**

Federal Rule of Civil Procedure 4(h)......................................................10

Federal Rules of Civil Procedure 12(b)(5) ................................... 1, 10, 11

Federal Rules of Civil Procedure 12(b)(6) ..............................................1

## **INTRODUCTION**

Plaintiff's Opposition (ECF No. 28) confirms that Plaintiff's Complaint should be dismissed under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5).

The Complaint should be dismissed under Rule 12(b)(6) for failure to state a claim because Plaintiff's defamation claim—which is premised on X Corp.'s alleged enforcement of its Hateful Conduct Policy by concealing or removing Plaintiff's content posted on X Corp.'s private social media platform—is barred by (1) Section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230 ("Section 230"), (2) the First Amendment, and (3) X Corp.'s Terms of Service. In the Opposition, Plaintiff does not identify *any* factual allegations or legal support sufficient to overcome these legal hurdles. More fundamentally, the Opposition also confirms that Plaintiff does not, and cannot, plausibly allege any of the required elements of a substantive defamation claim.

Plaintiff's Complaint also should be dismissed under Rule 12(b)(5) for insufficient service of process—an independent legal defect Plaintiff does not even attempt to cure in its Opposition—because Plaintiff failed to properly serve X Corp.

Finally, Plaintiff should not be granted leave to amend. Plaintiff does not proffer *any* proposed amendments to the Complaint, much less request an opportunity to do so; and in any event, no amendment could cure the fatal flaws inherent in Plaintiff's theory of liability.

This Court should grant X Corp.'s Motion to Dismiss (ECF No. 25; "Motion") with prejudice.

<u>**ARGUMENT AND CITATION OF AUTHORITY**</u>

**I.  Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim**

    A.    <u>Section 230 Bars Plaintiff's Claim</u>

In its Opposition, Plaintiff does not address, much less dispute, X Corp.'s arguments that (1) X Corp. is an "interactive computer service" provider; (2) Plaintiff's content is "information provided by another information content provider"; [1] and (3) Plaintiff's claim treats X Corp. as a "publisher" of that content. 47 U.S.C. § 230(c)(1); *see* Defendant's Memorandum of Points and Authorities, ECF 25-1 ("MPA") at 7-13. Thus, Plaintiff has effectively conceded that Section 230 bars its defamation claim as a matter of law.

Instead, in an effort to save his claims, Plaintiff curiously argues that "Title 47 of the United States Code is not enacted into positive law and is inadmissible as legal evidence in this Action at Law" because it "is unconstitutional." Opp. at 2. Unsurprisingly, Plaintiff's argument is contradicted by well-settled case law

---

[1] To the extent Plaintiff seeks to hold X Corp. liable for certain statements by WJC and AIPAC on Twitter, (*see* Compl. at 10 ("done and directed to be done . . . in the name and authority of [WJC] and [AIPAC]")), those statements also are "information provided by another information content provider." 47 U.S.C. § 230(c)(1); MPA at n.1. Plaintiff's Opposition does not rebut this argument.

upholding Section 230's validity and constitutionality. *See* MPA at 7-13 (collecting cases); *see also Lewis v. Google LLC*, 461 F. Supp. 3d 938, 952-53 (N.D. Cal. 2020), *aff'd*, 851 F. App'x 723 (9th Cir. 2021) (rejecting argument that 47 U.S.C. § 230(c)(1) violates the First Amendment because "this provision does not ban or restrict speech").

In sum, and as set forth in X Corp.'s Opening Brief (ECF No. 25-1), X Corp. easily meets all three prongs of the Section 230 immunity analysis and therefore is immune from Plaintiff's claim. *See McCall v. Zotos*, No. 22-11725, 2023 WL 3946827, at *3 (11th Cir. June 12, 2023) ("Lawsuits seeking to hold a service provider . . . liable for its exercise of a publisher's traditional editorial functions— such as deciding whether to publish, withdraw, postpone, or alter content—are barred."); *see also Zhang v. Twitter Inc.*, No. 23-CV-00980-JSC, 2023 WL 5493823, at *3-*4 (N.D. Cal. Aug. 23, 2023) (claims brought by pro se plaintiff challenging Twitter, Inc.'s moderation decisions concerning content posted by third-party users were barred by Section 230); *Yuksel v. Twitter, Inc.*, No. 22-cv-05415-TSH, 2022 WL 16748612, at *3-*5 (N.D. Cal. Nov. 7, 2022) (same); *Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 17 (2021) ("Because each of [Plaintiff's] causes of action seek to hold Twitter liable for its editorial decisions to block content [Plaintiff] and others created from appearing on its platform, we conclude [Plaintiff's] suit is barred by the broad immunity conferred by" Section 230). Plaintiff's Complaint should be

dismissed.

B.     The First Amendment Bars Plaintiff's Claim

Plaintiff does not refute X Corp.'s arguments that the First Amendment protects X Corp.'s editorial decisions about what content is disseminated on its platform, who may disseminate that content, and how X Corp. enforces its content-moderation policies. *See* MPA at 13-14. Plaintiff also does not dispute that its claim is premised on X Corp.'s alleged determination that Plaintiff's content violated X Corp.'s Hateful Conduct Policy, and its alleged concealment or removal of that content on X—*i.e.*, X Corp.'s alleged editorial decisions.[2] Thus, Plaintiff effectively concedes the First Amendment bars its claim.

Instead, Plaintiff argues that "publishing slanderous and libelous falsehoods exceeds the limits of protection afforded under the Federal Bill of Rights," relying on *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942). *See* Opp. at 3-4. *Chaplinsky* is inapposite, however, because that case did not deal with libel or slander—which, in any event, Plaintiff does not and cannot plausibly allege, *see supra* § I.C.3. Instead, the Supreme Court in *Chaplinsky* analyzed the constitutionality of a New Hampshire statute that prohibited "face-to-face words plainly likely to cause a

---

[2] The Opposition points to no allegations that X Corp. published any other slanderous or libelous falsehoods about Plaintiff other than the determination that Plaintiff's content violated X Corp.'s Hateful Conduct Policy.

breach of the peace by the addressee." *Chaplinsky*, 315 U.S. at 573.

Nothing in Plaintiff's Opposition contradicts X Corp.'s argument that the First Amendment bars Plaintiff's claim. Thus, the Complaint should be dismissed.

C.    Plaintiff Fails to State a Plausible Claim for Defamation

1.    *California law applies to Plaintiff's defamation claim against X Corp.*

As X Corp. explained in its Opening Brief, California law applies to Plaintiff's claim because Plaintiff agreed to X's Terms of Service ("Terms") when it created and used its X account, and those Terms provide that California law "will govern . . . any dispute that arises" between Plaintiff and X Corp. MPA at 15. Plaintiff does not dispute these facts, nor does it address, much less rebut, the authority cited by X Corp. providing that Georgia "courts normally will enforce a contractual choice of law provision," such as the one included in the Terms. *See* MPA at 14-17 (citing *e.g.*, *Nationwide Logistics, Inc. v. Condor Transp., Inc.*, 270 Ga. App. 277, 280 (2004)).

Plaintiff nevertheless argues in conclusory fashion that Georgia law should apply because "[i]t would be against moral conscience and the intents of the state and federal Legislatures for X CORP.'s Terms of Service to require Georgia citizens to relinquish state constitutional Rights or somehow acquire immunity from Georgia's laws against slander and libel." Opp. at 4. Plaintiff cites no authority for this argument, which in any event ignores that when Plaintiff created its X account

it *voluntarily* agreed to the Terms—including the Terms' provision designating California law to govern its claim. Enforcing the Terms' choice-of-law provision would not contravene any "moral conscience" or the "intents" of the Georgia legislature or Congress; rather, it would apply the contractual provision to which Plaintiff voluntarily agreed.

Accordingly, California law applies to Plaintiff's claim.

2.     *Plaintiff's defamation claim is barred by X's Terms.*

Plaintiff does not dispute the Terms permitted X Corp. to determine that Plaintiff's X content violated X Corp.'s Hateful Conduct Policy and to conceal or remove that content. *See* MPA at 15-18 (citing applicable provisions of the Terms). Plaintiff nevertheless argues the Terms are void because they "deprive [Plaintiff] of state constitutional Rights absent Due Process at Law" and "absolve [X Corp.] from liability for violating Georgia's Constitution, Laws, and public policy." Opp. at 5. Plaintiff's arguments fail as a matter of law.

Plaintiff provides no authority supporting the argument that it has any "state constitutional Rights [sic]" to post content on X, X Corp.'s private social media platform, or that X Corp.'s content moderation decisions somehow "deprive[d]" Plaintiff of those non-existent rights. To the contrary, courts have held that social media companies like X Corp. have constitutional rights under the First Amendment to make editorial decisions about what content is disseminated on its platform, who

may disseminate that content, and how X Corp. enforces its content-moderation policies. *See infra* § I.B, *infra* (citing cases). Plaintiff also provides no support for its conclusory argument that the Terms somehow violate "Georgia's Constitution, Laws, and public policy."

Accordingly, Plaintiff's claim is barred by the Terms and should be dismissed.

> 3.   *Plaintiff fails to plausibly allege a defamation claim.*

As X Corp. explained in its Opening Brief, Plaintiff fails to plausibly allege any of the elements of a defamation claim—"(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (citation omitted); *see* MPA at 18-21.[3] In the Opposition, Plaintiff does not dispute these are the correct elements for a defamation claim, nor does it identify *any* allegations that would meet any of these elements.

---

[3] As explained in the Motion, the elements of defamation under Georgia law are similar to California: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. MPA at 18, n.5 (collecting cases). In her Opposition, Plaintiff does not explain how her Complaint contains factual allegations sufficient to meet these elements, nor does she address any of the authority cited by X Corp. in support of it.

Instead, Plaintiff argues it is not asserting a defamation claim at all, but rather is asserting claims for both "aggravated slander and aggravated libel." Opp. at 2. Plaintiff's argument fails to save its Complaint.

*First*, neither "aggravated slander" nor "aggravated libel" are recognized claims under California or Georgia law, and thus Plaintiff cannot assert these non-existent claims. Cal. Civ. Code § 44 (no aggravated libel or slander); Ga. Code § 51-5-1 (no aggravated libel), § 51-5-4 (no aggravated slander). Plaintiff's failure to plausibly allege defamation also means it cannot plausibly allege slander or libel, because both claims are simply forms of defamation—which Plaintiff fails to plausibly allege. Cal. Civ. Code § 44 ("[Defamation is effected by either . . . Libel . . . [or] Slander."); Ga. Code § 51- 5-1 ("libel is a false and malicious defamation of another"), § 51-5-4 ("Slander or oral defamation"); MPA at 18-21.[4]

---

[4] The elements of a defamation claim are the same as a libel or slander claim, except that the form of the publication in a slander claim must be "orally uttered," (Cal. Civ. Code § 46; Ga. Code § 51-5-4), while a publication in a libel claim must be a "publication by writing, printing, picture, effigy, or other fixed representation to the eye." *Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 893 (2020); Ga. Code § 51- 5-1. Further, slander claims are narrowly limited to false unprivileged communications to a third-party which: (1) charge a person with a crime; (2) impute that a person has a loathsome disease; (3) make charges against another in reference to their trade; (4) imputes impotence or want or chastity; or (5) by natural consequence, causes actual damage. Cal. Civ. Code § 46; Ga. Code Ann. § 51-5-4.

*Second*, Plaintiff fails to plausibly allege any false publication—either oral (slander) or written (libel). MPA at 18 n.6 (Plaintiff does not identify any oral statements X Corp. allegedly made); *id.* at 2, 5-6 (the only allegedly defamatory statement that Plaintiff alleges X Corp. published was a truthful summary of a rule in X Corp.'s Hateful Conduct Policy that applies to all Twitter users: "You may not promote violence against, threaten, or harass other people on the basis of race, ethnicity, national origin, sexual orientation, gender, gender identity, religious affiliation, age, disability, or serious disease."); *see generally* Opp. (failing to argue the cited language in X Corp.'s Hateful Conduct Policy was untrue). Plaintiff also does not dispute that the Complaint lacks allegations sufficient to plausibly allege any of the remaining elements of a defamation claim. Thus, Plaintiff effectively concedes it does not plausibly allege a defamation claim.

Plaintiff nonetheless asserts in conclusory fashion that "DEFENDANTS conspired to harm and did harm PLAINTIFF with maliciously uttered and published slanders and libels." Opp. at 8. This argument fails to identify any specific statements to support Plaintiff's claim, which is required to plausibly allege a defamation claim. *See* MPA at 19-21 (collecting cases holding that specific statements must be alleged). This argument also fails to explain how the Complaint plausibly alleges any of the other required elements of its defamation claim.

Because Plaintiff fails to plead the required elements of a defamation claim, Plaintiff's Complaint should be dismissed.[5]

## II.   Federal Rule of Civil Procedure 12(b)(5) Requires Dismissal of Plaintiff's Complaint Because Plaintiff Failed to Properly Serve X Corp.

Plaintiff does not dispute that it failed to serve X Corp. with the summons and Complaint by using any of the authorized methods for serving X Corp. under Federal Rule of Civil Procedure 4(h). Plaintiff's attempt at serving X Corp. was insufficient, and the Complaint should be dismissed under Rule 12(b)(5). *See* MPA at 21-23 (citing cases and statutory authority establishing Plaintiff failed to serve X Corp. via any authorized means of serving a corporation)

Plaintiff nevertheless argues X Corp. received "actual notice" of the Complaint because X Corp. filed its Motion to Dismiss. Opp. at 5. As a matter of

---

[5] Plaintiff's Opposition fails to address, much less rebut, the authority cited in X Corp.'s moving papers establishing that, to the extent Tamah Jada Clark purports to assert a claim on behalf of the Anti-Semitism Defense League, Plaintiff's claim is procedurally improper because that allegedly "unincorporated common-law 'entity'" cannot appear *pro se*, and must be represented by an attorney. L.R. 83.1(E)(2)(H); MPA at 21 n.11 (collecting cases). Plaintiff's Complaint should be dismissed for this reason as well.

Plaintiff also incorrectly argues that X Corp.'s attorneys "are not attorneys-at-law eligible to practice at Law in the superior Courts of Georgia" and therefore X Corp.'s Motion is "legally invalid and of no effect." Opp. at 6-8. Colin K. Kelly and Nia S. Wilson of Shook Hardy & Bacon L.L.P., counsel for X Corp. in this case, are duly admitted to practice in the Northern District of Georgia under Local Rule 83.1, and Kenneth M. Trujillo-Jamison of Willenken L.L.P. has been granted admission *pro hac vice* for this case (ECF No. 26). X Corp.'s Motion, presented by attorneys authorized to practice in this Court, is valid and should be considered by this Court.

well-settled law, Plaintiff is wrong. Indeed, the Eleventh Circuit has held that "notice does not confer personal jurisdiction on a defendant when it has not been served in accordance with Rule 4." *De Gazelle Grp., Inc. v. Tamaz Trading Establishment*, 817 F.3d 747, 750 (11th Cir. 2016); *Clarke v. LNV Corp.*, No. 314CV00139TCBRGV, 2015 WL 11439083, at *6 (N.D. Ga. Apr. 6, 2015), *report and recommendation adopted*, No. 3:14-CV-139-TCB, 2015 WL 11622971 (N.D. Ga. May 13, 2015) ("[t]he fact that [LNV] apparently received actual notice of this lawsuit 'does not obviate the need for proper service.'"); *Barnes-Boers v. Tozier*, No. 213CV01555MCECMK, 2017 WL 1352007, at *2 (E.D. Cal. Apr. 7, 2017) ("Nor would demonstrating that the service attempted resulted in actual notice of the lawsuit be sufficient under California law.") (citing *Am. Express Centurion Bank*, 199 Cal. App. 4th 383, 392 (2011)).

Because Plaintiff failed to properly serve X Corp., the Complaint should be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).[6]

---

[6] Plaintiff's reliance on *Milliken v. Meyer*, 311 U.S. 457 (1940) and *Simon v. Craft*, 182 U.S. 427, 436 (1901) is misplaced. *See* Opp. at 5-6. In both of those cases, the defendants were properly served via methods *expressly authorized by statute*. *See Milliken*, 311 U.S. at 462-63 (defendant served via authorized method of substituted service according to Wyoming law); *Simon*, 182 U.S. 427, 435-36 (1901) (defendant was adequately served as "required by the statute"). Here, by contrast, Plaintiff did not serve X Corp. via *any* method authorized by statute for service of a corporation. *See* MPA at 23-24.

III.   **The Court Should Not Grant Leave to Amend**

In the Opposition, Plaintiff does not request leave to amend the Complaint, nor does it proffer any allegations to try to cure any pleading defects. And as already explained in the X Corp.'s Opening Brief and this Reply, Plaintiff's claim is barred by Section 230, the First Amendment, and X's Terms. MPA at 9-18; Argument §§ I.A-C.2, *supra*. No amendment could cure these fatal defects. Therefore, this Court should not grant Plaintiff's leave to amend. *See* MPA at 24 (citing cases).[7]

## CONCLUSION

For all these reasons, Plaintiff's Complaint be dismissed with prejudice.

Dated: March 12, 2024                      Respectfully submitted,

                                           **WILLENKEN LLP**

                                           */s/ Kenneth M. Trujillo-Jamison*
                                           _____

                                           Kenneth M. Trujillo-Jamison
                                           (admitted *pro hac vice*)
                                           707 Wilshire Blvd., Suite 3850
                                           Los Angeles, CA 90017
                                           Telephone: (213) 955-9240
                                           Facsimile: (213) 955-9250

---

[7] In its "Appendage in Amendment of Plaintiff's Motions for Default Judgement (Docket Nos. 20 & 28) to Provide Clarity, and Motion for Proof of Authority" (ECF No. 33), Plaintiff contends it did not receive any email or mail copies of X Corp.'s Motion. *Id.* at 2. In an abundance of caution, X Corp.'s counsel has again emailed and mailed copies of its Motion and related papers to Plaintiff. In any event, Plaintiff filed its Opposition seven days after X Corp. filed its Motion, and therefore Plaintiff has suffered no prejudice from its apparent failure to receive X Corp.'s moving papers.

ktrujillo-jamison@willlenken.com

SHOOK HARDY & BACON L.L.P.

Colin K. Kelly
Georgia Bar No. 781072
ckelly@shb.com
Nia S. Wilson
Georgia Bar No. 914011
nwilson@shb.com

1230 Peachtree Street NE
Suite 1200
Atlanta, GA 30309-3591
(470) 867-6012 (direct CKK)
(470) 867-6024 (direct NSW)

*Counsel for Defendant X Corp.*

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this Memorandum has been prepared with one of the font and point selections (Times New Roman – 14 point) approved by the Court in LR 5.1(B)

**WILLENKEN LLP**

*/s/ Kenneth M. Trujillo-Jamison*

_____
Kenneth M. Trujillo-Jamison
(admitted *pro hac vice*)
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willenken.com

*Counsel for Defendant X Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I served a copy of the foregoing

**DEFENDANT X CORP.'S REPLY IN SUPPORT OF ITS MOTION TO**

**DISMISS PLAINTIFF'S COMPLAINT** by electronically filing it with the Clerk

of the Court using the CM/ECF system and by sending it by email and first-class

mail to:

> Tamah Jada Clark
> Anti-Semitism Defense League
> 1880 Braselton Hwy
> Suite 118 #5018
> Lawrenceville, GA 30043
> commonlaw119@gmail.com
> *Pro Se*

*/s/ Colin K. Kelly*

_____

Colin K. Kelly
Georgia Bar No. 781072

*Counsel for Defendant X Corp.*