FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 28 2024

KEVIN P. WEIMER, Clerk
~~~~~Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
**DIVERSITY OF CITIZENSHIP (WITHOUT THE "UNITED STATES")** [1] [2]

*Civil Action for Aggravated Torts of Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages; Jury Trial Demanded*

|  |  |
|---|---|
| TAMAH JADA CLARK *EX REL.* ANTI-SEMITISM DEFENSE LEAGUE ™, **PLAINTIFF** | * * * * |
|  | CIVIL ACTION NO. |
| Vs. | * * |
|  | 1:23-CV-05840-JPB |
| X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, **DEFENDANTS** | * * * * * |

**Friday, March 22, 2024**

## <u>MOTION FOR REMOVAL OF FRAUDULENT COUNSEL</u>

TO UPHOLD THE SUPREME LAW OF THE LAND AND DEFEND GEORGIA'S

CONSTITUTION AND LAWS BY ENFORCING THE LAW OF THE FORUM


COMES NOW TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE™, "PLAINTIFF", to motion the Court for removal of DEFENDANTS' attorneys-in-fact whom are self-admittedly unqualified, disqualified, or otherwise ineligible for admission to an appropriate superior court bar entitling them to appear in this Action and are therefore required, by Law, to exit the Forum lest Georgia's Constitution and Laws be subverted by

---

[1] The common law, without the "United States", is of full force and effect in the state of Georgia. *See* Act of February 25, 1784.
[2] Note: Code 1933 citations used herein are to reference common law principles: "When no source note is shown, the section usually has come down without change from the Code of 1863, stating a principle of the common law which was included in that Code pursuant to the authority given to the Commissioners to include therein the entire body of law of force in this State, from whatever source derived." Code 1933, Explanatory Notes pp. XIII-XIV

Internal Filing ID:
GA-USD-NDG-11.19.2023-F7

9337747.1.3-24

treasonous, silent insurrectionary activities of quasi "law practitioners" alleging to appear on behalf of what are, according to the supreme Law of the Land, anti-American, unconstitutional, unlawful Zionist organs of domestic terror (e.g. WORLD JEWISH CONGRESS and AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE) and/or an accomplice thereof (e.g. X CORP.).

## **INTRODUCTION**

### **LAW HATETH NEW INVENTIONS AND INNOVATIONS.**
WING. MAX. P. 756, MAX. 204.

The Court, sitting in diversity, is bound by state Law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts sitting in diversity cases, when deciding questions of "substantive" law, are bound by state court decisions as well as state statutes.") Law means a "rule of civil conduct prescribed by the supreme power in a state", which "in the proper sense of the term, is a general rule of human action, taking cognizance only of external acts, enforced by a determinate authority, which authority is human, and among human authorities is that which is paramount in a political society." [3] The false notion that "Law" includes "acts" of the General Assembly—not to be confused with "Acts" of the State— is a new invention, a modern innovation.

The supreme Law of the Land recognizes "'[t]hat the laws of the several' States, except where the constitution, treaties, or statutes, of 'the United States shall otherwise require or provide, shall be' regarded as rules of decision in trials at common law in the 'courts of the United States, in cases where they apply.' This adoption of the State laws, extends as well to the unwritten, as to the written law; — to the law arising from established usage and judicial determinations, as well as to the law created by positive acts of the Legislature." *Brown v. Braam*, 3 U.S. 344, 352 (1797)

---

[3] Henry Campbell Black. A Law Dictionary containing Definitions of the Terms and Phrases of American and English Jurisprudence, Ancient and Modern. (Second Edition), p. 700. West Publishing Co., 1910.

Internal Filing ID:
GA-USD-NDG-11.19.2023-F7

Sitting in Diversity under Article III administering the Law of Georgia in place of her Courts of general jurisdiction, the presiding Judge is under sworn oath to uphold the supreme Law of the Land, as well as to defend Georgia's Constitution and Law. O.C.G.A § 45-3-1(6) says a Judge shall "[take] the oath of office" which requires he swear that he "will support the Constitution of the United Sates and of this state".

Moreover, O.C.G.A § 16-6-6 says that "[b]efore entering on the duties of their office, superior court judges must take the oath required of all civil officers and in addition they must take" another oath, as follows:

> "I swear that I will administer justice without respect to person and do equal rights to the poor and the rich and that I will faithfully and impartially discharge and perform all the duties incumbent on me as judge of the superior courts of this state, according to the best of my ability and understanding, and agreeably to the laws and Constitution of this state and the Constitution of the United States. So help me God."

Where the Law has already established the qualifications, eligibility, and definition of "Attorney at Law", a Judge is required to enforce the will of the Legislature—not allow modern inventions to undermine the state's Sovereignty. Doing so constitutes treason to the federal Constitution.

The State Bar of Georgia is a product of contemporary innovation incapable of authorizing the practice of Georgia Law. That "unified self-governing bar association" created under Ga. L. 1963, p. 70, § 1 (a Resolution of the "General Assembly" which lacks Imprimatur of the State), is an "administrative arm" of the Supreme Court. However, Attorneys at Law can only be admitted to practice by a superior court. O.C.G.A § 15-6-10 says "[e]ach of the judges of the superior courts shall discharge all the duties required of him by the Constitution and laws". It is the duty of a superior court Judge to remove persons falsely holding themselves out as Attorneys at Law from proceedings and prohibit them from appearing before the Court.

3

## MEMORANDUM WITH POINTS AND AUTHORITY

**LAW DISFAVORETH IMPOSSIBILITIES.**
WING. MAX. P. 606, MAX 155.

### I.

The title "Attorney at Law", in the context of this Action, is reserved to white male citizens of good moral character, who have read law, and undergone a satisfactory examination before a Judge of the Superior Court. *See* Act of 1806, Cobb, 89; Act 1847, Cobb, 92.

    a. Women are prohibited from the practice of Law in Georgia. "When the statutes of
       this State are properly construed, a woman by reason of her sex is ineligible to
       become a member of the bar in this State." *Ex parte Hale*, 145 Ga. 350 (1916)

    b. The Act of August 19, 1916, that permitted females to practice law in Georgia
       (Acts 1916, p. 76) is not a statute of the State of Georgia but simply an "act" of
       the General Assembly of the State of Georgia. *See* **Exhibit A**: An Act to permit
       females to practice law in this State.

    c. An "act" of the "General Assembly" cannot repeal a statute of the State; viz.,
       notwithstanding its misleading language to the contrary "[t]hat all laws and parts
       of laws in conflict with this Act be and are hereby repealed", the Act of August
       19, 1916, did not, in any way, alter the Act of 1806, Cobb, 89 or the Act 1847,
       Cobb, 92.

    d. Since the time of Georgia's founding until today, statute laws of the State can
       only be amended or repealed by express particularity, as described in her
       Constitution (Revised January 2023) at Article III, Section V, Paragraph IV: "No
       law or section of the Code shall be amended or repealed by mere reference to its
       title or to the number of the section of the Code; but the amending or repealing
       Act shall distinctly describe the law or Code section to be amended or repealed as
       well as the alteration to be made."

4

e.  O.C.G.A. § 1-3-1(a) says "In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly".

    i.  In passing the Act of August 19, 1916, the General Assembly did not intend to amend the statute law of the State concerning eligibility to become an Attorney at Law.

f.  Women are not Attorneys at Law, nor are they eligible to ever become Attorneys at Law. Any alleged appearance or filing of any kind by women in this Action, on behalf of DEFENDANTS, constitutes fraud.

## II.

The right to appear on behalf of another person in this Action requires credentialing agreeable with (though not pursuant to) O.C.G.A § 15-19-1 concerning "Scope of admission to practice". Persons otherwise holding themselves out to be and appearing as Attorneys at Law constitutes fraud.

a.  Legislature in passing this Section was not dealing with the formulation of a definition of what then constituted the practice of law in this State or eligibility therefor. Boykin v. Hopkins, 174 Ga. 511, 162 S.E. 796, 1932 Ga. LEXIS 79 (1932).

b.  O.C.G.A § 15-19-1 comes down from Code 1933, § 9-102, which reads as follows: "Right of attorneys admitted in the superior courts to practice in other courts. — Those who are admitted to practice in the superior courts may practice in any other court of this State, except the Supreme Court and Court of Appeals for each of which another and special license shall be obtained."

5

9337747.1.7-24

      c.  This Section does not create another avenue for admission to a county bar as an Attorney at Law. It reaffirms the statutes already in place (e.g. Act of 1806, Cobb, 89; Act 1847, Cobb, 92).

## III.

All "counsel" on record for every DEFENDANT in this Action is licensed under O.C.G.A. Title 15, Chapter 19 Article 2 by way of Article 3 or in accordance therewith, or pursuant court Rules "pro hac vice" so-called; and therefore, their "licenses" are incompatible with the Forum rendering their appearance as "counsel" fraudulent.

      a.  The General Assembly's stated intention for Title 15, Chapter 19, Article 3 was to regulate a specific type of "practice of law" that falls within the provisions of Ga. L. 1931, p. 191 which, at Section 1, says "it shall be unlawful for any corporation, voluntary association, or person other than a duly licensed attorney- at-law to practice or appear".

      b.  The House Journal from Wednesday, June 26, 1929 (p. 446, Section 1) explains: "It shall be unlawful for any corporation or voluntary association to practice or appear as an Attorney at Law for any person other than itself"; and p.448, Section 3 explains: "Any attorney at law who solicits legal employment as defined in Section 2 of this Act, by any means, either directly, or indirectly through another, shall be deemed guilty of corrupt and deceitful practice".

      c.  Ga. L. 1931, p. 191 is intended to regulate "corporations and voluntary associations", or Attorneys at Law that engage in "corrupt and deceitful practice" by violating its provisions. The wording itself informs that there is antecedent means of becoming an Attorney at Law not treated in Article 3.

d. The term "Attorney at Law" clearly requires that a different meaning be used in this Action at Law other than that which is provided under Title 15, Chapter 19, Articles 2 and 3.

    i.  O.C.G.A. § 1-3-2 says: "As used in this Code or in any other law of this state, defined words shall have the meanings specified, unless the context in which the word or term is used clearly requires that a different meaning be used."

e. The Act of March 1, 1933 (Acts 1933, p. 224) alleged to regulate the practice of law for residents and non-residents (i.e. *pro hac vice*). However, it too—like the Act of August 19, 1916— is an "act" of the "General Assembly" which lacks Imprimatur of the State. It is not a statute law and did not, in any way, alter Georgia Law for admission to a county bar or practice as an Attorney at Law. *See* **Exhibit B**: An Act to regulate the admission to the practice of law in this State.

    i.  The House Journal from Monday, January 9, 1933 (pp. 480-482) explains that Acts 1933, p.224 was intended to operate upon "all law school graduates to stand State Bar Examination before admission to [state] bar" pursuant the Georgia Code of 1926— not upon those seeking admission to a county bar pursuant the statute Law of the state (e.g. Act of 1806, Cobb, 89; Act 1847, Cobb, 92). *See* **Exhibit C**: Journal of the House of Representatives at the Special Ten-day Session of the General Assembly Commenced January 9th, 1933.

d. Section 4941 of the Georgia Code of 1926 titled "When and how applicant may be licensed" likewise applies to law school graduates. According to the Editor's Note. — "By § 4932(1), this section must be construed to apply to females" which clarifies that law school graduates—both then and now— are merely "Code Practitioners" as opposed to Attorneys at Law. The latter are not required

7

to attend law school under Georgia Law (e.g. Act of 1806, Cobb, 89; Act 1847, Cobb, 92).

f.  Appearance *pro hac vice* requires admission to a county bar as an Attorney at Law and is governed by Acts 1823, Cobb, 89; 1831, Cobb, 91; Acts 1875, p. 16— notwithstanding Rule 4.4, Uniform Superior Court Rules or Rule 83.1, Local Rules of Practice for the NDGa.

## IV.

The Judge erred in granting applications to appear "pro hac vice" to ineligible, unqualified persons pursuant Court Rules, in violation of the authority granted him under Georgia's Constitutions and Law.

a.  Rule 1, Federal Rules of Civil Procedure says that "[s]aid rules shall neither abridge, enlarge, nor modify substantive rights of any litigant."

b.  Federal law explains that "[t]hey should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* "An Act To give the Supreme Court of the United States authority to make and publish rules in actions at law" (June 19, 1934, ch. 651, 48 Stat. 1064)

c.  The Court, in permitting non-Attorneys at Law to appear, has construed the Federal Rules in a manner that abridged PLAINTIFF's Rights whilst enlarging those of DEFENDANTS and their fraudulent counsel in violation of Article I, Section I, Paragraph XXIX.

d.  Georgia's Constitution (Article I, Section I, Paragraph XXIX) says that "[t]he enumeration of rights herein contained as a part of this Constitution shall not

8

be construed to deny to the people any inherent rights which they may have hitherto enjoyed."

    i.    PLAINTIFF has the Right to be free from fraud, coercion, and deception.

    ii.    Allowing unqualified, ineligible persons fraudulently holding themselves out as Attorneys at law to appear on behalf of DEFENDANTS PLAINTIFF's is fraudulent, coercive, and deceptive in violation of Article I, Section I, Paragraph XXIX.

    iii.    PLAINTIFF has the Right to just, speedy, and inexpensive determination of this Action.

## V.

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts not subject to reasonable dispute are ones that (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be question[ed]." Id.; see *Kojha v. Orexigen Therapeutics, Inc.*, 899 F.3d 999, 1001 (9thCir. 2018).

## VI.

O.C.G.A. § 24-2-201(d) says: "[a] court shall take judicial notice if requested by a party and provided with the necessary information. A judicially noticed fact is one that is not subject to reasonable dispute; viz., **(1)** Generally known within the territorial jurisdiction of the court; or **(2)** Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." O.C.G.A. § 24-2-201(b). Judicial notice may be taken at any stage of the proceeding. O.C.G.A. § 24-2-201(f).

## VII.

9

Judicial notice of adjudicative fact is requested for the fact that, per their own admissions on the record, none of the alleged "counsel" for DEFENDANTS is eligible or otherwise qualified to appear as Attorneys at Law in this Action.

a. Benjamin I. Fink with Georgia Bar No. 261090 of the law firm, so-called, Berman Fink Van Horn P.C. cannot appear in this Action (Docket No. 8) as attorney of record on behalf of DEFENDANTS AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE and WORLD JEWISH CONGRESS. Likewise, neither can his "co-counsel" Jeremy L. Jahn with Georgia Bar No. 796717 (Docket No. 9).

b. Rachel Hirsh is ineligible to become an Attorney at Law by reason of her gender, and therefore also ineligible to appear "pro hac vice" for DEFENDANT AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE (Docket No. 11).

c. Aaron M. Frankel is ineligible and unqualified to appear "pro hac vice" for DEFENDANT WORLD JEWISH CONGRESS (Docket No. 13) having failed to meet the requirements of statute Law governing the same (e.g. Acts 1823, Cobb, 89; 1831, Cobb, 91; Acts 1875, p. 16).

d. Abigail Suzanne Badway is ineligible to become an Attorney at Law by reason of her gender, and ineligible to appear "pro hac vice" for DEFENDANT WORLD JEWISH CONGRESS (Docket Nos. 14 & 19).

e. Ariel Lavinbuk is ineligible and unqualified to appear "pro hac vice" for DEFENDANT WORLD JEWISH CONGRESS (Docket No. 15) having failed to meet the requirements of statute Law governing the same (e.g. Acts 1823, Cobb, 89; 1831, Cobb, 91; Acts 1875, p. 16).

f. Kenneth M. Truijillo-Jamison is ineligible and unqualified to appear "pro hac vice" for DEFENDANT X CORP. (Docket No. 26) having failed to meet the

10

requirements of statute Law governing the same (e.g. Acts 1823, Cobb, 89; 1831, Cobb, 91; Acts 1875, p. 16).

g.  Colin K. Kelly is unable to appear specially as "counsel" for DEFENDANT X CORP. (Docket Nos. 24 & 25) with Georgia Bar No. 781972. Furthermore, his "co-counsel" Nia S. Wilson, with Georgia Bar No. 914011 is ineligible to become an Attorney at Law by reason of her gender.

## VIII.

Judicial notice is requested for all legislative facts herein contained for which no proofs are needed (O.C.G.A § 24-2-220) including: the journals of the General Assembly, laws and resolutions of the General Assembly and the journals of each branch thereof as published by authority; the laws of the United States and of the several states thereof as published by authority; the uniform rules of the courts; the political makeup and history of this state and the federal government, and all similar matters of legislative fact.

## PRAYER FOR RELIEF

### LAW FAVORETH TRUTH, FAITH, AND CERTAINTY.
WING. MAX. 604, MAX. 154.

## IX.

Having shown reasonable grounds therefor, PLAINTIFF hereby motions the Court for removal of every fraudulent "attorney of record" herein named.

## X.

Removal of fraudulent counsel from the present Action is a power that necessarily appertains to the Court's jurisdiction, and it is within the authority of the Judge to do so.

## XI.

11

Refusal or failure otherwise to remove the said non-Attorneys-at-Law is treason to the constitution. (*Cohens v. Virginia*, 19 U.S. 264, 404 (1821) ("The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution.... We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution.")

/s/

TAMAH JADA CLARK *EX REL.*
ANTI-SEMITISM DEFENSE LEAGUE, ™
**PLAINTIFF**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

X/Twitter: @The_ADL_dot_org
Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570
E-mail: CommonLaw119@gmail.com
Web: www.TheADL.org

12



## Exhibit A: An Act to permit females to practice law in this State.

76      PART I.—TITLE 5.—MISCELLANEOUS.

Attorneys at Law; Females May Be.—Banks and Trust Companies; Drafts & Letters of Credit.

### ATTORNEYS AT LAW; FEMALES MAY BE.

### No. 471.

An Act to permit females to practice law in this State, under the same terms and qualifications as are now provided for males.

C. C. §4932.
Ex parte
Hale. 145
Ga. 350
(89 S. E.
216).

Section 1.  Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, That from and after the passage of this Act female citizens shall be admitted to the practice of law in this State upon the same terms and qualifications as now apply to male citizens.

Sec. 2.  Be it further enacted, That all laws and parts of laws in conflict with this Act be and are hereby repealed.

Approved August 19, 1916.

---

### BANKS AND TRUST COMPANIES; DRAFTS AND LETTERS OF CREDIT.

### No. 475.

An Act to authorize banks and trust companies to accept drafts and bills of exchange drawn on them, and to issue letters of credit authorizing the drawing of such drafts and bills of exchange, and for other purposes.

Acceptance
of drafts
and issuance
of letters
of credit.

Section 1.  Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by authority of the same, That from and after the passage of this Act, all banks heretofore or hereafter created and doing business under the laws of this State and all trust companies heretofore or hereafter created under the laws of this State and doing a banking business by authority of the laws of this State, are hereby authorized to accept drafts or bills of exchange drawn upon them by their customers, having

Not over
six months'
sight.

not more than six months' sight to run, and to issue letters of credit authorizing the holders thereof to draw drafts or

Digitized by Google

Original from
UNIVERSITY OF CALIFORNIA

9337747.1.15-24

**Exhibit B: An Act to regulate the admission to the practice of law in this State.**

for a period of at least twelve (12) months prior to the time of his death. Widow and children of unpensioned policemen of 25-years service.   Section 22. Be it further enacted, that in the event there shall at any time be less funds on hand than are needed to carry out the terms of this Act, then the actual funds on hand shall be prorated among those then on the pension-roll and the beneficiaries of such as are entitled to receive pensions under the provisions of this Act. Fund prorated in case of shortage.   Section 23. This Act shall not be affected nor shall it affect any of the provisions of any workmen's compensation law or other similar laws. Other laws not affected by this Act.   Section 24. Be it further enacted, that each and every member of such police department shall pass a civil-service examination as may be required by the Governor of such cities before he can be taxed $3.00 per month as provided in this Act, and before he can become entitled to participate in any of the funds raised under the provisions of this Act for relief and pensions. Civil-service examination.   Section 25. Be it further enacted by the authority aforesaid, that all laws and parts of laws in conflict with the provisions of this Act be and the same are hereby repealed. Approved February 15, 1933.

Page 223

  POLICEMEN'S PENSIONS; AMENDING ACT. No. 130. An Act to amend an Act entitled an Act to repeal an Act approved August 18, 1925, and published in the Acts of the General Assembly for 1925, on pages 228-234, inclusive, which said Act provides that cities having a population of 150,000, according to the census of the United States of 1920, shall furnish pensions to members of the Police Department; and for other purposes: Be it enacted by the General Assembly of Georgia, and it is hereby enacted by authority of the same, that an Act entitled an Act to repeal an Act approved August 18, 1925, and published in the Acts of the General Assembly for 1925, on pages 228, 234, inclusive, which said Act provides that cities having a population of 150,000, according to the census of the United States of 1920, shall furnish pensions to members of the Police Department; and for other purposes, be amended as follows: Ga. L. 1925, pp. 228-34, amended.   Section 1. That an Act approved August 18, 1925, and published in the Acts of the General Assembly for 1925, on pages 228-234, inclusive, which said Act provides that cities having a population of 150,000, according to the census of the United States of 1920, or any subsequent census, shall furnish aid, relief, and pensions to regular members of the Police Department, and for other purposes, be and the same is hereby repealed; but the fund now in the hands of the trustees created and appointed under said Act shall be transmitted to the trustees created and appointed under this Act, to the end that the funds formerly raised under said repealed Act for the benefit of the Police Department shall be continued to the benefit of the same department under this Act. The trustees appointed hereunder shall receive said funds and disburse them as provided under the provisions of the present Act.   Trustees of pension fund of cities of 150000 population.

Page 224

  Section 2. That all laws and parts of laws in conflict with this Act be and same are hereby repealed. Approved March 8, 1933.   PRACTICE OF LAW, ADMISSION TO. No. 124 An Act to regulate the admission to the practice of law in this State, of persons resident and non-resident of this State; to repeal any and all laws in conflict with this Act.   Section 1. Be it enacted by the authority of the General Assembly of Georgia, that no person, excepting licensed attorneys from attorneys from other states hereinafter provided for in this Act, shall be admitted to the practice of law in this State except by examination as is now and may hereafter be provided for by law. Provided, however, that the provisions of this Act shall not apply to those students of law who are now pursuing the study of law and have completed at least one year of study in a law school operating under the provisions of section 4942 of the Code of Georgia on or before the first day of July, 1933.   Examinations required for admission to bar; exceptions.   Section 2. A person, resident or non-resident, licensed to practice law in a foreign State or the District of Columbia may be admitted to the bar of this State without examination, when he shall submit with his application certificates of the clerk and of the presiding judge or justice of the highest court of the foreign State or the District of Columbia that the applicant has been for the last five years, and is at the time the application is made, actively engaged in the practice of law as a member of the bar of that State or District and of such court, and that he is of good private and professional character. The certificate must show further that under the laws of said foreign State or District a member of the bar of this State is eligible to admission

Page 225

by comity. Admissions under this section shall be by application to the superior court of the applicant's residence, actual or intended.   Attorneys from other States.   See Sec. 3, post.   Application for admission.   Section 3. Licensed attorneys

9337747.1.18-24

of the class provided for in Section 2 above, unable to comply with the terms thereof, may be admitted under the provisions of Section 1 of this Act. Provided, however, that nothing herein shall prevent the courts of this State from permitting a visiting non-resident attorney to participate in the trial of cases in the courts of this State in which said non-resident attorney may represent a party to the case. Attorneys from other States. Visiting attorney. Section 4. All laws or parts of laws in conflict with this Act are hereby repealed. Approved March 1, 1933. PRIMARY ELECTIONS FOR GENERAL ASSEMBLY; SPECIFICATION OF INCUMBENT OPPOSED. No. 300 An Act to provide for the nomination and election in primary elections of Members of the General Assembly in all counties having more than one representative and a population of not less than 30,620 and not more than 30,624 according to the Federal Census of 1930, by requiring specifications by candidates of the incumbent opposed; to provide how ballots in such elections shall be prepared; and for other purposes. Section 1. Be it enacted by the General Assembly of Georgia that from and after the passage of this Act, candidates for representative in the General Assembly in all counties having more than one representative and a population of not less than 30,620 and not more than 30,624 according to the Federal Census of 1930, shall, when qualifying for a primary, specify the particular candidate and/or incumbent which he desires to oppose or succeed. Candidate in primary election must specify person opposed or incumbent, in county of 30620 to 30624.

Page 226

Section 2. Be it further enacted, that all ballots in such elections shall be prepared by listing the candidates to succeed each incumbent in separate brackets; and improper striking in one of said brackets shall not affect the validity of a ballot in the bracket or brackets properly marked. Form of ballot. Section 3. Be it further enacted that all laws and parts of laws in conflict here with be and the same are hereby repealed. Approved March 24, 1933. PRIMARY ELECTIONS IN CITIES. No. 358 An Act to fix the times of holding primary elections for city officials in the cities of 200,000 population, or over, of this State; and for other purposes. Be it enacted by the House of Representatives and the Senate of the General Assembly of the State of Georgia, as follows: Section 1. Hereafter no primary at which nominations are made for city positions of any kind shall be held, in any of the cities of 200,000 population or over of this State, earlier than September 1st, nor later than October 31st, of any calendar year; provided, that if the regular elections of any municipalities are held in months other than December, then the date of primaries at which nominations are made for said general elections in such cities shall not be held earlier than ninety days prior to said general elections nor later than thirty days prior thereto. Time of primary election in city of 200000 or more population. Section 2. That all laws and parts of laws in conflict with this Act be and the same are hereby repealed. Approved March 24, 1933.

Page 227

PRIMARY ELECTIONS IN CITIES. No. 389 An Act to regulate primary elections in all municipalities in the State of Georgia, by providing how such elections shall be conducted, the returns thereof made, and to provide penalties for the violation thereof, and providing that the same shall apply only to cities of 200,000 or more according to the last or any future Federal Census; and for other purposes. Section 1. Be it enacted by the General Assembly, and it is hereby enacted by authority of the same, that every municipal political primary election held by any political party, organization, or association, or held for the purpose of determining any question that may be submitted thereat, shall be presided over and conducted in the manner and form prescribed by the rules of the political party, organization, or association holding such primary election by managers selected in the manner prescribed by such rules; such managers shall, before entering upon the discharge of their duties, each take and subscribe an oath that he will fairly, impartially, and honestly conduct the same according to the provisions of law providing how primary elections shall be held in the municipalities of the State of Georgia, and in accordance with the laws of this State governing regular elections for offices of this State. Should one or more of the managers thus appointed to hold such elections fail to appear on the day of election, the remaining manager or managers shall appoint others in their stead, and administer to them the oath herein prescribed. The managers shall take the oath before a notary public or other officer authorized to administer oaths; but if no such officer can be conveniently had, the managers may administer the oath to each other. The oath, after being made and subscribed, shall be field in the office of the clerk of the municipality, or other office performing the ordinary duties of a clerk thereof, within five days after an election. Primary elections in city of 200000 or more population. Managers. Oath of manager.

Page 228

9337747.1.17-24

**Exhibit C: Journal of the House of Representatives at the Special Ten-day Session of the General Assembly Commenced January 9th, 1933.**

# JOURNAL

OF THE

# House of Representatives

OF THE

# STATE OF GEORGIA

AT THE

## SPECIAL TEN-DAY SESSION

OF THE

## GENERAL ASSEMBLY

Commenced at
Atlanta, Monday, January 9th, 1933



1933
RURALIST PRESS, INC., STATE PRINTERS
ATLANTA, GA.



Case 1:23-cv-05840-JPB   Document 35   Filed 03/28/24   Page 17 of 25

beverages, and provide for the collection thereof, and for other purposes.

Referred to Committee on Temperance.

By Messrs. Lanier, Harris and Cartledge of Richmond—

House Bill No. 68.   A bill to amend Section 4942 of the Code of Georgia, requiring all law school graduates to stand State Bar Examination before admission to bar, and for other purposes.

Referred to Committee on General Judiciary No. 1.

By Messrs. Harris of Richmond and Vaughn of Rockdale—

House Bill No. 69.   A bill to regulate the admission to the practice of law in this State, to repeal any and all laws in conflict with this Act, and for other purposes.

Referred to Committee on General Judiciary No. 2.

By Messrs. Flynt and Rogers of Spalding—

House Bill No. 70.   A bill to amend an Act authorizing the Commissioners of Roads and Revenues of Spalding County to designate a banking institution in said county to act as a depository of county funds, and for other purposes.

Referred to Committee on General Judiciary No. 2.

By Messrs. Flynt and Rogers of Spalding—

House Bill No. 71.   A bill to propose to the qualified voters of Georgia an amendment to Article 7, Section 7, Paragraph 1, of the Constitution of Georgia, so as to authorize Spalding County to make temporary loans, and for other purposes.

Referred to Committee on Amendments to Constitution No. 1.

WEDNESDAY, JANUARY 25, 1933.      415

By Messrs. Lanier, Harris and Cartledge of Richmond—

House Resolution No. 18-64b.   A resolution to appoint a committee to investigate the feasibility of dispensing with non-essential activities of departments, to reduce salaries, and for other purposes.

By Messrs. Lanier, Harris and Cartledge of Richmond—

House Bill No. 68.   A bill to amend Section 4942 of the Code of Georgia requiring all law school graduates to stand State Bar Examination before admission to bar, and for other purposes.

By Messrs. DeFore, Park and Gillen of Bibb—

House Bill No. 74.   A bill to regulate the preparation of recording of maps, and for other purposes.

By Mr. Barrett of White—

House Bill No. 80.   A bill to repeal an Act providing for the holding of three terms each year of the Superior Court of White County, and for other purposes.

By Mr. Calhoun of Wilkes—

House Bill No. 81.   A bill to repeal an Act to establish the City Court of Washington, in and for the County of Wilkes, and for other purposes.

By Mr. Maxwell of Grady—

House Bill No. 89.   A bill to abolish the City Court of Whigham, and for other purposes.

By Messrs. Longley and Davis of Troup—

House Resolution No. 33-120a.   A resolution to relieve security on bond of Claud Boykin, and for other purposes.

9337747.1.20-24

On the passage of the bill, Mr. Griffin of Decatur moved the ayes and nays, and the call was not sustained.

Mr. Griffin of Decatur moved that the House reconsider its action in ordering the main question, and the motion was lost.

The report of the committee, which was favorable to the passage of the bill, was agreed to.

On the passage of the bill, the ayes were 104, nays 34.

The bill, having received the requisite Constitutional majority, was passed.

Mr. Johnson of Bartow gave notice that at the proper time he would move that the House reconsider its action in passing House Bill No. 23.

Mr. Epting of Clarke moved that House Bill No. 23 be immediately transmitted to the Senate, and the motion was lost.

By Messrs. Lanier, Harris and Cartledge of Richmond—

House Bill No. 68. A bill to amend Section 4942 of the Code of Georgia, requiring all law school graduates to stand State Bar Examination before admission to bar, and for other purposes.

The following committee substitute to House Bill No. 68 was read:

By the Committee—

An Act entitled an Act to regulate the admission to the practice of law in this State, of persons resident and non-resident of this State; to repeal any and all laws in conflict with this Act.

Section 1. Be it enacted by the authority of the General Assembly of Georgia, that no person, excepting licensed at-

torneys from other states hereinafter provided for in this
Act, shall be admitted to the practice of law in this State
except by examination as is now and may hereafter be pro-
vided for by law.

Sec. 2. A person, resident or non-resident, licensed to
practice law in a foreign state or the District of Columbia
may be admitted to the bar of this State without examina-
tion, when he shall submit with his application certificates
of the Clerk and of the presiding Judge or Justice of the
highest courts of the foreign state or the District of Colum-
bia, that the applicant has been for the last five years, and
is at the time the application is made, actively engaged in
the practice of law as a member of the bar of that state or
District and of such court, and that he is of good private
and professional character. The certificate must show fur-
ther that under the laws of said foreign state or District a
member of the bar of this State is eligible to admission by
comity. Admissions under this Section shall be by applica-
tion to the Superior Court of the applicant's residence,
actual or intended.

Sec. 3. Licensed attorneys of the class provided for in
Section 2 above unable to comply with the terms thereof
may be admitted under the provisions of Section 1 of this
Act. Provided, however, that nothing herein shall prevent
the courts of this State from permitting a visiting non-
resident attorney to participate in the trial of cases in the
courts of this State in which said non-resident attorney may
represent a party to the case.

Sec. 4. All laws or parts of laws in conflict with this
Act are hereby repealed.

Mr. Duncan of Houston moved the previous question
on the bill, together with substitutes and amendments, the
motion prevailed, and the main question was ordered.

The amendment offered by Mr. Hartsfield of Fulton to
the substitute was lost.

Mr. Gillen of Bibb asked unanimous consent to withdraw his substitute to House Bill No. 68, and the request was granted.

The committee substitute to House Bill No. 68 was adopted.

The report of the committee, which was favorable to the passage of the bill by substitute, was agreed to.

On the passage of the bill by substitute, the ayes were 103, nays 16.

The bill, having received the requisite Constitutional majority, was passed by substitute.

Mr. Vaughn of Rockdale asked unanimous consent that the bill be immediately transmitted to the Senate, and the request was granted.

The bill was immediately transmitted to the Senate.

The following Resolution of the House was read and adopted:

By Mr. Harris of Richmond—

House Resolution No. 82. A resolution that the General Assembly invite his Excellency, Sennett Connor, Governor of the State of Mississippi, to address the General Assembly of Georgia, at his pleasure.

The following Resolution of the House was read:

By Mr. Eckford of Fulton—

House Resolution No. 83. A resolution that the General Assembly of Georgia, commend the Honorable Jesse Isidor Straus to the favorable consideration of Honorable Franklin D. Roosevelt for the position of Secretary of Commerce in his Cabinet.

Case 1:23-cv-05840-JPB   Document 35   Filed 03/28/24   Page 22 of 25

Reserves and the Band to the Inauguration of Honorable Franklin D. Roosevelt, and for other purposes.

On the adoption of the resolution, the ayes were 32, nays 81.

The resolution was lost.

Mr. Manning of Cobb gave notice, that at the proper time, he would move that the House reconsider its action in failing to adopt Senate Resolution No. 71.

The following Bills of the House were taken up for the purpose of considering the Senate Amendments thereto.

By Messrs. Lanier, Harris and Cartledge of Richmond—

House Bill No. 68. A bill to be entitled an Act to amend Section 4942 of the Code of Georgia, to regulate the admission to the practice of law in this State, and for other purposes.

The following Senate Amendment to House Bill No. 68 was read:

By the Senate:

Moves to amend House Bill No. 68, Section 1, by adding the following at the end thereof:

"Provided however, that the provisions of this Act shall not apply to those students of law who are now pursuing the study of law and have completed at least one year of study in a law school operating under the provisions of Section 4942 of the Code of Georgia on or before the first day of July, 1933."

Mr. Culpepper of Fayette moved that the House agree to the Senate Amendment to House Bill No. 68, and the motion prevailed.

## 1286        JOURNAL OF THE HOUSE,

Mr. Brunson of Laurens, Chairman of the Committee on Enrollment, submitted the following report:

*Mr. Speaker:*

Your Committee on Enrollment has examined, found properly enrolled and ready for transmission to the Governor the following bills of the House, to-wit:

By Messrs. Lanier, Harris and Cartledge of Richmond—

House Bill No. 68.  A bill to amend Section 4932 Code of Georgia; requiring all law School graduates to stand State Bar Examination before admission to the bar and for other purposes.

By Messrs. Bryan and Donaldson of Bulloch—

House Bill No. 95.  A bill to amend an Act approved July 28th, 1923, relative to payment of costs incurred in the trial and convictions of misdemeanor convicts in counties of a certain population, and for other purposes.

By Messrs. Sumner and Tipton of Worth—

House Bill No. 250.  A bill to amend an Act entitled an Act to create and establish a board of commissioners of roads and revenues of Worth County; to fix and prescribe their jurisdiction, powers and duties; etc., and for other purposes.

By Messrs. Teasley of Cherokee, Tate of Pickens and others—

House Bill No. 319.  A bill to amend certain acts to abolish the Fee System in the Blue Ridge Judicial Circuit as to Solicitor-General and substituting a salary in lieu thereof, and for other purposes.

ORIGIN ID:SCFA   (417) 221-9006
TAMAH JADA CLARK

1880 BRASELTON HWY
SUITE 118 #5018
LAWRENCEVILLE, GA 30043
UNITED STATES US

SHIP DATE: 25MAR24
ACTWGT: 0.10 LB
CAD: 254303705/WSXI3200

BILL SENDER

TO   **CLERK OF COURT**
**RICHARD B. RUSSELL FEDERAL BUILDING**
**2211 UNITED STATES COURTHOUSE**
**75 TED TURNER DRIVE, SW**
**ATLANTA GA 30303**
(417) 221-9006          REF: 1
INV: 9337747
PO:                              DEPT:

FedEx
Express

E



WED - 27 MAR 5:00P

** 2DAY **

TRK#   2725 1950 7781
0201

DSR

30303

**SG QFEA**   GA-US   ATL

8337747
00001

