UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK, EX REL. ANTI-SEMITISM DEFENSE LEAGUE, <br><br> Plaintiff, <br><br> v. <br><br> X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, <br><br> Defendants. | CIVIL ACTION NO. 1:23-cv-5840-JPB |

## ORDER

This matter comes before the Court on Motions to Dismiss filed by American Israel Public Affairs Committee ("AIPAC") [Doc. 16], World Jewish Congress ("WJC") [Doc. 17] and X Corp. [Doc. 25] (collectively, "Defendants"), as well as X Corp.'s Motion for Judicial Notice in Support of its Motion to Dismiss [Doc. 24], and various filings by Plaintiff [Docs. 20, 28, 35]. This Court finds as follows:

### BACKGROUND

Plaintiff, proceeding pro se, initiated this action on December 19, 2023. [Doc. 1]. In her Complaint, Plaintiff brings a "Civil Action for Aggravated Torts of Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages." Id.

at 1.  On January 23, 2024, Defendants AIPAC and WJC both moved to dismiss Plaintiff's Complaint.  [Docs. 16, 17].  X Corp. likewise moved to dismiss Plaintiff's Complaint on February 20, 2024.  [Doc. 25].  Among other potential grounds for dismissal, Defendants argue that Plaintiff's Complaint should be dismissed because it is a shotgun pleading.  See [Doc. 16-1, pp. 15–16]; [Doc. 17, p. 18].

## LEGAL STANDARD

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although detailed factual allegations are not necessarily required, the pleading must contain more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

Because Plaintiff is proceeding pro se in this action, the Court has an obligation to "liberally construe" her pleadings. Sarhan v. Mia. Dade Coll., 800 F. App'x 769, 771 (11th Cir. 2020). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010). "[P]ro se litigants still must comply with the Federal Rules of Civil Procedure." Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019). As such, a pro se plaintiff's complaint must comply with Rule 8 by making a short and plain statement of the claim showing that the plaintiff is entitled to relief. Id.

## ANALYSIS

Upon review, the Court finds that Plaintiff's Complaint is a shotgun pleading that fails to comply with Rule 8 and is due to be dismissed. As such, the Court will not address the merits of Defendants' motions to dismiss—or other pending motions—at this time. See Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings," which violate Rule 8's requirement that a complaint contain a short and plain statement of the claim. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). The Eleventh Circuit Court of Appeals has explained that shotgun

pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Arrington v. Green, 757 F. App'x 796, 797 (11th Cir. 2018).  Furthermore,

> [s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard.  The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018).  In sum, tolerating shotgun pleadings "constitutes toleration of obstruction of justice." Id. at 1357.

> Typically, shotgun pleadings are characterized by any one of the following:
>
> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

McDonough v. City of Homestead, 771 F. App'x 952, 955 (11th Cir. 2019).  These categories "do not have precise and clearly marked boundaries." Tran v. City of Holmes Beach, 817 F. App'x 911, 913 (11th Cir. 2020).  Significantly, the "unifying characteristic" of all shotgun pleadings is that they fail "to give the

4

defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015).

The Court finds that Plaintiff's Complaint demonstrates at least three of the above characteristics and is a "quintessential 'shotgun' pleading[] of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta, 256 F.3d at 1284. For instance, Plaintiff does not separate into different counts each cause of action or claim for which she seeks relief. See [Doc. 1]. Plaintiff also does not specify which Defendant is allegedly responsible for which acts or omissions. See id. at 5–11. In addition, the Complaint sets forth conclusory, vague and immaterial facts that do not clearly connect to her stated claims. See id. at 5–15. Indeed, much of the pleading is rambling and difficult to decipher. See id.

Ultimately, Plaintiff's Complaint is wholly deficient because it does not allow Defendants to identify what exactly they are alleged to have done wrong and does not provide "adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. Accordingly, Plaintiff's Complaint is due to be dismissed.

Under Federal Rule of Civil Procedure 15(a)(1), a plaintiff may amend his complaint once as a matter of course within twenty-one days after serving it, or

within twenty-one days after service of a motion under Rule 12(b).  Otherwise, the plaintiff must seek leave of court to amend.  See Fed. R. Civ. P. 15(a)(2).  "The Eleventh Circuit has specifically held that pro se litigants should be held to a less stringent standard with respect to their right to amend a complaint, even despite a failure to move for amendment."  Black v. Bank of Am., N.A., No. 1:15-CV-2339, 2016 WL 11570392, at *2 (N.D. Ga. Jan. 8, 2016) (citing Lee v. Alachua County, 461 F. App'x 859, 860 (11th Cir. 2012)).  Accordingly, before dismissing this case with prejudice, the Court will grant Plaintiff an opportunity to amend.

At a minimum, Plaintiff's amended complaint must comply with the following instructions:

1) The amended complaint must contain a background section stating the facts relevant to all claims.  The facts shall be presented in individually numbered paragraphs and presented in a logical order (which may or may not be chronological).  The facts section should not contain facts that are not relevant to the claims.

2) Plaintiff must allege each cause of action, clearly identified as such, under a separate count.  Underneath each count, in separately numbered paragraphs, Plaintiff must provide the relevant facts applicable to that particular cause of action that she believes entitle her to relief.  In other words, rather than incorporating every fact into each cause of action, Plaintiff should allege factual support for every cause of action asserted and, more specifically, for each element of the cause of action.  This factual support must include the manner in which Defendants' alleged conduct is related to each cause of action.

    3)    Plaintiff must explicitly request the relief she seeks and must provide an explanation of why she is entitled to such relief.

    4)    Plaintiff is permitted to assert a single count against multiple defendants; however, Plaintiff must identify what precise conduct is attributable to each individual defendant separately in each count and in what capacity each claim is being brought against each defendant.

Plaintiff is notified that her amended complaint will supersede all previous pleadings. The Court will not read the pleadings in tandem. In short, Plaintiff must ensure that her amendment complies with Federal Rule of Civil Procedure 8 and the directives of this Order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**. Because the Complaint has been dismissed, all other pending motions [Docs. 16, 17, 20, 24, 25, 28, 35] are **DENIED** as moot, without prejudice to refile in the event that Plaintiff files an amended complaint.

Plaintiff may amend her complaint to adequately plead a specific claim or claims within fourteen days of the date of this Order. Plaintiff is notified that failure to submit an amended complaint within the fourteen-day time period may result in dismissal of the entire action.

Plaintiff is also advised that if she intends to reassert her claims against Defendants, she must make sure that those Defendants have been properly served

pursuant to the requirements of Federal Rule of Civil Procedure 4.  Should Plaintiff choose to file an amended complaint, any defendant not properly served must be served with a copy of Plaintiff's amended complaint in accordance with Rule 4.

The Clerk is **DIRECTED** to resubmit this matter in the event that an amended complaint is not filed.

**SO ORDERED** this 31st day of May, 2024.

_____
J. P. BOULEE
United States District Judge