# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA
**DIVERSITY OF CITIZENSHIP (WITHOUT THE "UNITED STATES")** [1] [2]

*Civil Action for Aggravated Torts of Slander and Libel seeking Twelve Billion Dollars in Exemplary Damages; Jury Trial Demanded*

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 2 6 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| TAMAH JADA CLARK *EX REL.* ANTI-SEMITISM DEFENSE LEAGUE ™ *(PRO PER, SUI JURIS)*, **PLAINTIFF** Vs. X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE, **DEFENDANTS** | CIVIL ACTION NO. 1:23-CV-05840-JPB |

**Sunday, June 23, 2024**

## MOTION TO RECONSIDER ORDER DATED MAY 31, 2024 (DOCKET NO. 39)
(THAT CHALLENGES CONSTITUTIONALITY OF STATE AND FEDERAL LAWS)

COMES NOW TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE™, "PLAINTIFF", to motion the Court to reconsider the Order dated May 31, 2024 (Docket No. 39)— received by PLAINITFF via United States Postal Service mail on Monday, June 10, 2024. The Court exceeded its jurisdiction in the person of the presiding magistrate, "MAGISTRATE", who acted without authority in the absence of jurisdiction when he

---

[1] The common law, without the "United States", is of full force and effect in the state of Georgia. *See* Act of February 25, 1784.

[2] Note: Code 1933 citations used herein are to reference common law principles: "When no source note is shown, the section usually has come down without change from the Code of 1863, stating a principle of the common law which was included in that Code pursuant to the authority given to the Commissioners to include therein the entire body of law of force in this State, from whatever source derived." Code 1933, Explanatory Notes pp. XIII-XIV

1

Internal Filing ID:
GA-USD-NDG-11.19.2023-F9

*treasonously*: 1) allowed unqualified or ineligible persons to appear, plead or motion on behalf of DEFENDANTS (*see* Docket No. 35); and 2) dismissed this Action at Common Law or Lawsuit for failure to comply with the Federal Rules of Civil Procedure, which are both illegal and unconstitutional.

## I.

Under "Legal Standard" on page 3 of his Order (Docket No. 39), MAGISTRATE deceitfully states "Plaintiff is proceeding pro se in this action" when PLAINTIFF is, in reality, proceeding **in propria persona** or *pro per* at Law *sui juris* —NOT *pro se,* NOT under ward status or disability of any kind— as indicated in the very first sentence of the Complaint (Docket No. 1). "An appearance may be *in propria persona*, and need not be by attorney." [3] PLAINTIFF—an Hebrew-American Citizen of Georgia with every ***unalienable*** Right and Liberty under the state's Constitution fully intact — appears in person, as a matter of right, to prosecute this Suit at Common Law.

## II.

In his Order (Docket No. 39), the presiding magistrate, "MAGISTRATE", asserts that PLAINTIFF'S Complaint (Docket No. 1) is dismissed as a "shotgun pleading" for failure to comply with Federal Rule of Civil Procedure 8(a)(2) and compels PLAINTIFF to conform to Rule 8 within 14 days under *threat* that "failure to submit an amended complaint within the fourteen-day time period may result in dismissal of the entire action." (*See* Docket No. 39, p.7). Through further coercion, MAGISTRATE also stipulates that PLAINTIFF must serve DEFENDANTS "pursuant to the requirements of Federal Rule of Civil Procedure 4". (*See* Docket No.39, p.8). However, the Court lacks power to compel PLAINTIFF to conform to the Federal Rules of Civil Procedure, as well as lacks jurisdiction to dismiss this Action for failure to comply therewith.

---

[3] Shumaker, W. A., Longsdorf, G. F., Cahill, J. C. (2001). The Cyclopedic Law Dictionary: Comprising the Terms and Phrases of American Jurisprudence, Including Ancient and Modern Common Law, International Law, and Numerous Select Titles from the Civil Law: with an Exhaustive Collection of Legal Maxims, p. 816. United States: Lawbook Exchange.

a. Notwithstanding 28 U.S.C. § 1691, Fed.R.Civ.P. 4 is inappropriate for this Action at Law because "[a]ll processes issuing from the courts of the United States shall be under the seal of the court from which they issued and shall be signed by the clerk thereof." (*See* R.S. § 911.) All process must bear teste from the date of issuance. (*See* R.S. § 912; and Mar. 3, 1911, ch. 231, §291, 36 Stat. 1167). The Court, including members thereof and its Clerk, failed to fulfill their obligations for which they alone bear liability.

b. 28 U.S.C. § 2073 and all rules stemming therefrom are unconstitutional. They violate the Tenth Amendment to the federal Constitution and federal law because the practice and procedure in civil causes "shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State" where the district court is held "**any rule of court to the contrary notwithstanding**". (emphasis added) (*See* R.S. § 914 or 1 June, 1872, c. 255, s. 5, v. 17, p. 197).

### III.

Fed.R.Civ.P. 41(b) says an involuntary "dismissal under this subdivision (b) and *any dismissal not under this rule*…operates as an **adjudication on the merits**." A dismissal pursuant Rule 8 or Rule 4 would violate Georgia law, and Article I, Section I, Paragraphs I,[4] XII,[5] & XXIX[6] of the state Constitution.

a. Originating from Section 34 of the Judiciary Act of 1789, 28 U.S.C. § 1652 (*see* R.S. § 721) notifies the Court that "[t]he laws of the several states … shall be regarded as rules of decision in civil actions in the courts of the United States"—not federal law nor federal **code**. As to procedure, Georgia has ostensibly adopted the Civil Practice Act (O.C.G.A. § 9-11-1 *et seq.*) "in derogation of the common law" *Tahoe c. Indus. v. Aetna c. Credit*, 153

---

[4] No person shall be deprived of life, liberty, or property except by due process of law.
[5] No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state.
[6] The enumeration of rights herein contained as a part of this Constitution shall not be construed to deny to the people any inherent rights which they may have hitherto enjoyed.

3

Ga. App. 317, 321 (Ga. Ct. App. 1980) in conformity with the Federal Rules of Civil Procedure. *Dorman v. Simpson*, 893 F. Supp. 1073, 1080 (N.D. Ga. 1995)

b. The Civil Practice Act was intended to provide a singular procedure by which a litigant may present a litigant's claim in an orderly manner to a court empowered to give the litigant whatever relief is appropriate and just; however the substantive and remedial principles that applied prior to it are not changed. *Burnham v. Lynn*, 235 Ga. 207, 219 S.E.2d 111, 1975 Ga. LEXIS 827 (1975).

c. A trial court in Georgia—including a US Court sitting in diversity under Article III of the federal Constitution— does not have jurisdiction to alter substantive rights of PLAINITFF except by Due Process of Law in accordance with Article I, Section I, Paragraph I of the state Constitution. Enactment of the Civil Practice Act as a new procedural method of bringing in parties cannot change the jurisdictional rules of the Constitution of this state. *Register v. Stone's Indep. Oil Distribs., Inc.*, 227 Ga. 123, 179 S.E.2d 68, 1971 Ga. LEXIS 609 (1971).

   i. DEFENDANTS' "presumed residence in a state does not confer state citizenship for the purpose of supporting jurisdiction in the courts of the United States." *Marks v. Marks*, 75 Fed. Eep. 321, 324.

   ii. Due to the distinct social statuses of PLAINTIFF and DEFENDANTS, "the jurisdiction of the court is founded entirely on the character of the parties… [t]he character of the parties is everything, the nature of the cases nothing." Mr. Chief Justice Marshall, in *Cohens v. Virginia*, 6 Wheat. 264, 393, 5 L. Ed. 257, 393.

d. Furthermore, 28 U.S.C. § 2072(b) notifies MAGISTRATE that the Federal Rules of Civil Procedure cannot "abridge, enlarge or modify any substantive right." Dismissing the claims of a state Citizen against citizens of the United States subject to the jurisdiction thereof for non-compliance with Rule 8 or Rule 4 would abridge the substantive rights of PLAINTIFF while enlarging those of DEFENDANTS, which is expressly *prohibited* and contravene the Constitution and Laws of the United State of America. *Mossman v.*

4

*Higginson*, 4 U.S. 12, 13 (1800) ("The judiciary act was only intended to carry the constitution into effect, and cannot amplify, or alter, its provisions.")

e. The Civil Practice Act and the Federal Rules of Civil Procedure are unconstitutional. The former violates Article I, Section I, Paragraphs I, XII, & XXIX of the state Constitution. The latter violates Article III and the Tenth Amendment to the federal Constitution.

f. The current Rules are NOT the original rules authorized by "An Act To give the Supreme Court of the United States authority to make and publish rules in actions at law" (June 19, 1934, ch. 651, 48 Stat. 1064). That Act is the only legitimate source whereby "the Supreme Court was authorized to prescribe general rules of civil procedure for the district courts". *See* Historical Notes (p. VII) of Fed.R.Civ.P.

   i. The Historical Notes on page VII of the Federal Rules of Civil Procedure explain the illegitimate origin of the current Rules:

   > "The Supreme Court prescribes rules of civil procedure for the district courts pursuant to section 2072 of Title 28, United States Code, as enacted by Title IV "Rules Enabling Act" of Pub. L. 100–702 (approved November 19, 1988, 102 Stat. 4648)."

   ii. The Historical Notes on page VII of the Federal Rules of Civil Procedure explain that the original 28 U.S.C. § 2072 under the Act of June 19, 1934, was "repealed and supplanted by new sections 2072 and 2074" which are the unconstitutional, unlawful origin of the current Rules.

## IV.

Under "Legal Standard" on page 2 of his Order (Docket No. 39), MAGISTRATE admits: "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n. 1(11th Cir. 1999). And it rightly concedes that "detailed factual allegations are not necessarily required". This is consistent with Georgia law, which recognizes that "[t]he object of all legal investigation is the discovery of truth…to the end that

5

the truth may be ascertained and proceedings justly determined." *See* O.C.G.A. § 24-1-1. Detailed factual allegations are established in preparation for trial—not in the Complaint itself, which only needs to concisely state the claim which entitles PLAINTIFF to relief.

## V.

The Complaint (Docket No. 1) is **painstakingly** *clear* that DEFENDANTS are charged with slander and libel for their joint participation in false, injurious published accusations of "Hateful Conduct" against the person of PLAINTIFF which occurred "[o]n or around November 3, 2023, and on or around November 8, 2023"; to wit: "DEFENDANTS falsely charged PLAINTIFF with 20 counts of "Hateful Conduct" and published the defamatory allegations on "X" social media platform, severally, in 20 distinct instances." (*See* Docket No. 1, p. 5).

a. Irrespective of Federal Rules of Civil Procedure 8(a)(2), the above is indeed "a short and plain statement of the claim showing that the pleader is entitled to relief."

b. If further specificity is needed, the same is provided as follows: [t]he 20 slanderous charges against PLAINTIFF by DEFENDANTS were done and directed to be done from verified "X" accounts speaking in the name and authority of WORLD JEWISH CONGRESS and AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE who conspiratorially cooperated with X CORP. to injure PLAINTIFF with malicious libels." (*See* Docket No. 1, p. 10).

c. While Georgia law may require that copies of the 20 instances of written slanders of "Hateful Conduct" be introduced into evidence for trial, the Action has not yet reached that phase.

d. PLAINTIFF, as a matter of Due Process under Article I, Section I, Paragraph I of the state Constitution, has the *inviolable* Right to subpoena evidence and witnesses for the purpose of establishing detailed factual allegations upon which the Jury alone reserves the right to deliberate—not the Court.

Internal Filing ID:
GA-USD-NDG-11.19.2023-F9

## VI.

Notwithstanding 28 U.S.C. § 1654, the Court lacks power to permit any activity of DEFENDANTS through their alleged attorneys, who are frauds (*see* Docket No. 35), because "[i]n all the courts of the United States the parties may plead and manage their own causes personally, or by the assistance of such counsel or attorneys at law as ... are permitted to manage and conduct causes therein." (*See* Mar. 3, 1911, ch. 231, §272, 36 Stat. 1164 or R.S. § 748, p. 141). It is common and public knowledge that persons licensed by the State Bar of Georgia hold themselves out to be "Attorneys-at-Law". Courts should take judicial cognizance of matters of common and public knowledge. *McGraw v. State*, 85 Ga. App. 857, 70 S.E.2d 141, 1952 Ga. App. LEXIS 843 (1952) (decided under former Code 1933, § 38-112). However, these individuals are frauds. PLAINTIFF contends that this Court has exceeded the limitations of its jurisdiction.

/s/

TAMAH JADA CLARK *EX REL.*
ANTI-SEMITISM DEFENSE LEAGUE ™
*(PRO PER, SUI JURIS)*,
**PLAINTIFF**

1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, Ga 30043

X/Twitter: @The_ADL_dot_org
Tel: 1(888) 256-6692 ext. 777
Fax: 1(888) 352-1570
E-mail: CommonLaw119@gmail.com
Web: www.TheADL.org

7

```
ORIGIN ID:SCFA    (417) 221-9006        SHIP DATE: 24JUN24
TAMAH JADA CLARK                        ACTWGT: 0.10 LB
EX REL ANTISEMITISM DEFENSE LEAGUE      CAD: 254303705/WSXI3200
1880 BRASELTON HWY
SUITE 118 #5018
LAWRENCEVILLE, GA 30043                 BILL SENDER
UNITED STATES US

TO  CLERK OF COURT
    RICHARD B. RUSSELL FEDERAL BUILDING
    2211 UNITED STATES COURTHOUSE
    75 TED TURNER DRIVE, SW
    ATLANTA GA 30303
  (417) 221-9006            REF: 1
  INV: 9832239
  PO:                       DEPT:
```



WED - 26 JUN 5:00P
** 2DAY **

TRK# 0201  2762 4343 1741

SG QFEA        30303
          GA-US  ATL



8832239
00001



EXTREMELY URGENT



RT **529**   1  17:00  **B**
FZ **527**
1741
06.26

EXTREMELY URGENT

# URGENT DELIVERY

Delivered by