**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TAMAH JADA CLARK *ex rel.* ANTI-SEMITISM DEFENSE LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE<br><br>Defendants. | Civil Action No. 1:23-cv-05840-JPB |

**DEFENDANT X CORP.'S RESPONSE TO PLAINTIFF'S
MOTION TO RECONSIDER ORDER DATED MAY 31, 2024**

Defendant X Corp. ("Defendant") respectfully submits this Response to Plaintiff Tamah Jada Clark's ("Plaintiff") Motion to Reconsider Order Dated May 31, 2024 (Docket No. 39) (ECF No. 42; (hereinafter, the "Motion"). The Court should deny Plaintiff's Motion because Plaintiff comes nowhere close to meeting the high bar to merit reconsideration of this Court's May 31, 2024 Order dismissing Plaintiff's complaint without prejudice. (hereinafter, the "Order").

Under Local Rule 7.2(E), motions for reconsideration "shall not be filed as a matter of routine practice" and should be filed only when "absolutely necessary."

"Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999) (citing *Preserve Endangered Areas v. United States Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir.1996)); *Microwave Vision, S.A. v. ETS-Lindgren Inc.*, 209 F. Supp. 3d 1322, 1329 (N.D. Ga. 2016) (same).

Here, Plaintiff comes nowhere close to making that required showing. She points to no newly discovered evidence, nor does she argue there has been an intervening development or change in controlling law since the Court issued the Order. Instead, Plaintiff rehashes arguments this Court has already considered—and rejected. *Compare* Motion at 1-2 (arguing the Order is wrong because (1) it "allowed unqualified or ineligible persons to appear, plead or motion [sic] on behalf of DEFENDANTS", and (2) it "dismissed this Action at Common Law or Lawsuit for failure to comply with the Federal Rules of Civil Procedure, which are both illegal and unconstitutional") *with* Pl.'s Response to Def.'s Mot. to Dismiss (ECF No. 28) at 6-8 (arguing Defendant's attorneys are unqualified to appear in this Court); *id.* at 2-6 (arguing Section 230 and the Federal Rules of Civil Procedure are illegal and unconstitutional). Plaintiff's Motion should be denied, because a "motion for reconsideration should not be used to present the Court with arguments already heard

and dismissed." *Microwave Vision, S.A.*, 209 F. Supp. 3d at 1329 (quoting *Bryant v. Jones*, No. 1:04–CV–2462–WSD, 2007 WL 113959, at *1 (N.D. Ga. Jan. 10, 2007)).

Plaintiff also has ignored and/or failed to remedy the Court's holding that Plaintiff's Complaint should be dismissed as a shotgun pleading because it (1) does not separate into different counts each cause of action or claim for which she seeks relief; (2) does not specify which defendant is allegedly responsible for which acts or omissions; and (3) sets forth vague and immaterial facts that do not clearly connect to her stated claims. Order at 5. Plaintiff instead admits "[d]etailed factual allegations" are "not in the Complaint itself" but are "painstakingly clear." Motion at 6. She also fails to address the Court's bases for concluding that her Complaint was a shotgun pleading, much less explain why newly discovered evidence or an intervening development or change in controlling law would somehow render that decision worthy of reconsideration.[1] All of these omissions are fatal to Plaintiff's Motion for Reconsideration under Local Rule 7.2(E).

For these reasons, the Court should **deny** Plaintiff's Motion.

---

[1] Plaintiff's reference to Federal Rule of Civil Procedure 41(b) (*see* Motion at 3-5) is misplaced. The Court dismissed Plaintiff's Complaint under Federal Rule of Civil Procedure 8, not Rule 41(b). (*See* Dismissal Order at 3) ("Upon review, the Court finds that Plaintiff's Complaint is a shotgun pleading that fails to comply with Rule 8 and is due to be dismissed."). Plaintiff also admits the Court granted her leave to file an Amended Complaint within fourteen days of the Dismissal Order. (*See* Motion at 2.) She did not file any such amended pleadings nor does she explain why she failed to do so.

Dated: July 11, 2024

Respectfully submitted,

SHOOK, HARDY & BACON LLP

*/s/ Colin K. Kelly*
Colin K. Kelly
Georgia Bar No. 781072
ckelly@shb.com
Nia S. Wilson
Georgia Bar No. 914011
nwilson@shb.com
1230 Peachtree Street NE
Suite 1200
Atlanta, GA 30309-3591
(470) 867-6012 (direct CKK)
(470) 867-6024 (direct NSW)

WILLENKEN LLP

Kenneth M. Trujillo-Jamison
(admitted *pro hac vice*)
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willlenken.com

*Counsel for Defendant X Corp.*

**LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this Memorandum has been prepared with one of the font and point selections (Times New Roman – 14 point) approved by the Court in LR 5.1(B)

*/s/ Colin K. Kelly*
Colin K. Kelly

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, I served a copy of the foregoing **DEFENDANT X CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER ORDER DATED MAY 31, 2024** by electronically filing it with the Clerk of the Court using the CM/ECF system which will send notice of service to all parties of record and by sending it by first-class mail to:

Tamah Jada Clark
Anti-Semitism Defense League
1880 Braselton Hwy
Suite 118 #5018
Lawrenceville, GA 30043
commonlaw119@gmail.com
*Pro Se Plaintiff*

*/s/ Colin K. Kelly*
Colin K. Kelly
Georgia Bar No. 781072

*Counsel for Defendant X Corp.*