UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMAH JADA CLARK, EX REL. ANTI-SEMITISM DEFENSE LEAGUE,<br><br>Plaintiff,<br><br>v.<br><br>X CORP., WORLD JEWISH CONGRESS, AMERICAN ISRAEL PUBLIC AFFAIRS COMMITTEE,<br><br>Defendants. | CIVIL ACTION NO.<br>1:23-CV-5840-JPB |

## **ORDER**

This matter comes before the Court on Tamah Jada Clark's ("Plaintiff") Motion to Reconsider Order Dated May 31, 2024 [Doc. 42]. This Court finds as follows:

Plaintiff, proceeding pro se, initiated this action on December 19, 2023. [Doc. 1]. On May 31, 2024, the Court dismissed Plaintiff's Complaint without prejudice on the grounds that it was a shotgun pleading that failed to comply with Federal Rule of Civil Procedure 8. See [Doc. 39]. The Court afforded Plaintiff an opportunity to amend her complaint within fourteen days of the date of entry of its May 31, 2024 Order. Id. at 7. The Court also advised Plaintiff that failure to

submit an amended complaint within the fourteen-day time period may result in dismissal of the entire action.  Id.  Plaintiff neither filed an amended complaint nor requested an extension of time to do so.  Accordingly, the Court dismissed the action without prejudice on June 19, 2024.  [Doc. 40].  Plaintiff subsequently filed the instant motion for reconsideration.[1]  [Doc. 42].

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."  Reconsideration is limited to the following situations:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  Pepper v. Covington Specialty Ins. Co., No. 16-CV-693, 2017 WL 3499871, at *1 (N.D. Ga. Aug. 3, 2017).  Importantly, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

Upon review of Plaintiff's motion, the Court finds that Plaintiff has failed to show that any of the situations warranting reconsideration apply in this case.

---

[1] Plaintiff also later filed a motion for exemption from PACER fees.  [Doc. 51].

2

Rather, Plaintiff asserts that this Court "lacks power to compel [her] to conform to the Federal Rules of Civil procedure." [Doc. 42, p. 2]. Plaintiff is incorrect: Although the Court will liberally construe pro se pleadings, "pro se litigants still must comply with the Federal Rules of Civil Procedure." Rodriguez v. Scott, 775 F. App'x 599, 602 (11th Cir. 2019). Plaintiff additionally argues that "the Court lacks power to permit any activity of [Defendants] through their alleged attorneys, who are frauds," [Doc. 42, p. 7], based in part upon the utterly meritless contention that because certain of Defendants' attorneys are women, they are "prohibited from the practice of law in Georgia," [Doc. 35], p. 4; see also id. at 10–11. In short, upon review of Plaintiff's motion and the arguments contained therein, Plaintiff has not demonstrated any intervening change in law, new evidence or clear error. Thus, she falls short of meeting the standard for reconsideration.

For the foregoing reasons, Plaintiff's Motion to Reconsider Order Dated May 31, 2024 [Doc. 42] is **DENIED**. Moreover, because this case has been dismissed without prejudice and closed, Plaintiff's Motion for Exemption from Pacer Fees [Doc. 51] is **DENIED AS MOOT**.

**SO ORDERED** this 4th day of October, 2024.

_____
J. P. BOULEE
United States District Judge